■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PERRELLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered October 7, 1986, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his arrest was the result of police conduct that was so egregious as to have denied him his fundamental rights is without merit. In the first instance, the record does not support his claim that this was the first narcotics sale in which he had ever partaken, and that he was coerced into doing so by the police informant and his next-door neighbor. Rather, it is clear that he knew the sellers and had introduced them to the buyers, and that, in light of the size of the transaction, he had performed such services before *(see, People v Isaacson,* 44 NY2d 511, *rearg denied* 45 NY2d 776). Moreover, there is no evidence that the police investigator's conduct with respect to this sale was repugnant to a sense of justice, illegal or immoral *(see, People v Isaacson, supra).* The mere fact that the codefendant was allowed to plead guilty to a lesser charge in return for her testimony at the defendant's trial does not, contrary to the defendant's

contentions, evince a desire on the part of the police to obtain a conviction in violation of the defendant's due process rights.

In addition, the defendant's agency defense was properly submitted to the jury, inasmuch as the evidence adduced at trial raised a factual issue as to whether he had been the buyer's agent as opposed to the seller's agent *(see, People v Roche,* 45 NY2d 78, *cert denied* 439 US 958). Moreover, we find that the evidence supported the determination that the defendant had acted as broker and middleman in the transaction. Further, the jury's rejection of the agency defense was not against the weight of the evidence *(see, People v Roche, supra; People v Argibay,* 45 NY2d 45).

The defendant's sentence was not cruel and inhuman treatment. This is not one of those rare cases where the sentencing court may strike down the mandatory sentencing requirements *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950).

Finally, we have considered the defendant's remaining contention and find it to be without merit. Mangano, J. P., Lawrence, Spatt and Balletta, JJ., concur.