■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN TEITELBAUM and JEFFREY STARROFF, Appellants.—Appeal by the defendants from two judgments (one as to each of them) of the Supreme Court, Queens County (Shea, J.), both rendered August 13, 1986, convicting them of bribe receiving in the second degree and official misconduct (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgments are affirmed, and the matters are remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendants' contentions we conclude that the evidence was legally sufficient to support their convictions of bribe receiving in the second degree. While there was no direct evidence that the defendants and the witness Wiggins entered into an agreement whereby Wiggins agreed to extend sexual favors to them in return for not arresting her for certain violations of the Vehicle and Traffic Law and drug possession charges, we conclude that such evidence is not necessary. In order to support a verdict of guilty of bribe receiving in the second degree, the People must prove that the public official solicited *or* accepted *or* agreed to accept a benefit upon the understanding or agreement that his actions would thereby be influenced *(see,* Penal Law former § 200.10; *People v Charles,* 61 NY2d 321). In determining whether there was such an agreement or understanding, it is the defendant's state of mind which is controlling *(see, People v Holmes,* 72 AD2d 1, 7). The evidence establishes that the vehicle in which Wiggins and her female friend Robinson and a male friend Gregory were driving was stopped after Wiggins went through a stop sign. Wiggins was not licensed to drive and was unable to produce any documentation for the vehicle. In addition, cocaine was found on Wiggins' person by the officers during a search in which she was fondled by the defendant Teitelbaum. Rather than making an arrest, the officers told Wiggins that if she went with them "everything would be all right". They also instructed her to drop Gregory off somewhere. After dropping Gregory off, Wiggins and her friend Robinson got into the officers' car and were taken to the defendant Starroff's apartment where Wiggins claimed that the defendants asked her for sex. She testified that she orally sodomized both the defendants. This evidence sufficiently indicates that the defendants solicited sex in exchange for their failure to arrest Wiggins. While there is no evidence that Wiggins knew why the officers were taking her to the apartment, there can be no doubt that they took her there to solicit sex.

Because of Wiggins' involvement in the incident, the court agreed to the defense requests that the jury be charged that she was an accomplice as a matter of law on the count of bribe receiving. Over objection, however, it refused to charge that either Gregory or Robinson were accomplices or that Wiggins was an accomplice on the official misconduct counts as well. CPL 60.22 defines accomplice as a witness in a criminal action who, according to the evidence adduced, may reasonably be considered to have participated in (1) the offense charged or (2) an offense based upon the same or some of

the same facts or conduct which constitute the offense charged. The test, therefore, is whether the witness theoretically could have been convicted of any crime based on at least some of the same facts that must be proven in order to convict the defendant (see, People v Berger, 52 NY2d 214, 219; People v Vataj, 121 AD2d 756, 760 [Brown, J., dissenting], revd 69 NY2d 985). The defendants' arguments with respect to Gregory and Robinson represent sheer speculation. There is no evidence that Gregory knew where the two women went or why they were going with the officers. Although Robinson went willingly with Wiggins, she did not participate in giving any benefit to the officers, nor is it clear that she knew the reason for getting into the officers' car. It was, therefore, proper to deny the defense request that the question be submitted to the jury to determine whether they were accomplices as a question of fact.

On this record, it was error for the court to fail to charge that Wiggins was also an accomplice as a matter of law concerning the official misconduct counts since they arose out of the same transaction and facts. However, the error was harmless in light of the corroborating testimony given by Robinson and the court's charge on corroborating testimony.

Further, the claimed error with respect to the court's charge on corroboration was not preserved for review. The defendants now urge that the court erroneously told the jury that it could consider a certain recording to be corroborating, since the tape in and of itself was not sufficient and did not even tend to prove a material fact connecting the defendants to the crime. However, the defendants' sole objection to the charge was on the ground that it was improper for the court to list possible corroborating evidence for the jury. The exact issue sought to be raised on appeal was never presented to the trial court.

We have reviewed the defendants' remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur. [See, 133 Misc 2d 392.]