■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LOGAN, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Shea, J.), rendered July 15, 1987, convicting him of bribe receiving in the second degree and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

On November 2, 1984, the defendant, then a New York City Police Detective assigned to the Robbery Identification Program (RIP) of the 77th Precinct, telephoned Police Officer John Lewis, who was assigned to Brooklyn North Narcotics and whom he had known casually for a number of years, to ask if he would meet with him. Officer Lewis agreed and met the defendant in front of the 79th Precinct, where the defendant told Officer Lewis that he wanted him to meet Steve Gibson, who was seated in the defendant's automobile. The defendant told Lewis that Gibson was a drug dealer who was being "ripped off" by police officers from Lewis' precinct. After speaking to Gibson, Lewis reported Gibson's allegations to his superior officers and to the Internal Affairs Division. Gibson was already a target of another investigation being conducted by Lewis' unit.

Thereafter, in a series of recorded conversations, Gibson told Lewis that he wanted protection for his drug enterprise and that in return, he would pay $1,000 a week. Conversations between Lewis and the defendant were also recorded during which the defendant indicated that he was involved in the illegal activity with Gibson and that he expected to be compensated by Gibson for introducing him to Lewis. The defendant then suggested that he and Lewis together meet with Gibson. At that meeting on November 20, 1984, Gibson again asked for protection. The defendant advised Gibson to let Lewis know when he was going to be at the location where Gibson engaged in the sale of drugs so that Lewis could warn him when the police planned a raid. Gibson handed Lewis $400 and told him that more would be forthcoming. At a subsequent meeting, Gibson gave Lewis $500 for protecting his operation. The defendant never asked Lewis for any of the money but indicated that he had his own agreement with Gibson.

At the trial, the defendant testified that he knew Lewis was running an undercover operation and that he was also acting in an undercover capacity. The defendant conceded however, that he never filed any reports with regard to his alleged

participation in this undercover operation nor did he notify his superior officers or the Internal Affairs Division of his activities.

After the defendant and Gibson were indicted, their cases were severed. Gibson subsequently pleaded guilty to conspiracy in the second degree.

Upon viewing the evidence in the light most favorable to the prosecution, we find that the People proved beyond a reasonable doubt that the defendant acted with the mental culpability required to commit the crimes of bribe receiving in the second degree and official misconduct and that in furtherance thereof, he solicited, requested, commanded, importuned or intentionally aided Lewis to commit such crimes (see, Penal Law §§ 20.00, 195.00 [2]; former § 200.10; People v Charles, 61 NY2d 321; People v Teitelbaum, 138 AD2d 647; Matter of John G., 118 AD2d 646; People v Karchefski, 102 AD2d 856). The People need not present any direct evidence of an agreement by a public official to accept a bribe. The evidence of such an agreement may be shown circumstantially (see, People v Teitelbaum, supra).

The jury, presented with both Lewis' and the defendant's versions of the events in question, in addition to the tapes of the recorded conversations, rejected the defendant's contention that he was acting in an undercover capacity. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (People v Gaimari, 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86).

The statements of Lewis and Gibson were properly admitted under the coconspirator's exception to the hearsay rule (see, People v Sanders, 56 NY2d 51, rearg denied 57 NY2d 674; People v Salko, 47 NY2d 230, rearg denied 47 NY2d 1012). The issue of whether the admission of Gibson's statements deprived the defendant of his right of confrontation was not preserved for appellate review (see, People v Tunstall, 63 NY2d 1). In any event, we find no merit to the claim that the admission of Gibson's statements violated the defendant's right to confront the witnesses against him (see, People v Sanders, supra; United States v Inadi, 475 US 387).

With respect to the defendant's claim of prosecutorial misconduct, we note that the trial tactics of the prosecutor and

defense counsel are not to be condoned. Nevertheless, most of defense counsel's objections were sustained and curative instructions were provided by the trial court. Thus, the defendant was not deprived of a fair trial (see, People v Galloway, 54 NY2d 396).

In light of the fact that the defendant, a detective, was convicted of crimes involving a betrayal of the public trust, his sentence was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80). Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.