■ The People of the State of New York, Respondent, v Roberto Charris, Appellant.—Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered January 4, 1989, convicting him of criminal possession of a controlled substance in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

While in custody, a police informant called the defendant and asked if he could purchase cocaine. A few days later, they met, under police surveillance, discussed the price, and agreed when to conduct the transaction. The next day, again under police surveillance, they met in New York and drove to several different locations before the defendant finally produced the cocaine within New York State. Once the informant saw the cocaine in the defendant's car, he signaled to the observing officers and an arrest was made. According to the defendant, several times before the arrest, he suggested that they conduct the sale in Connecticut, where he resided, rather than New York. Because the sale occurred in New York only through the insistence of the informant, the defendant argues that his conviction resulted from egregious police conduct that violated due process.

In People v Isaacson (44 NY2d 511), the Court of Appeals noted various factors which may establish a due process violation, including that (1) the police manufactured a crime which otherwise would not likely have occurred, (2) the police

engaged in criminal or improper conduct repugnant to a sense of justice, (3) the defendant's reluctance to commit the crime was overcome by persistent solicitation or other appeals, and (4) the police sought to obtain a conviction for its own sake, rather than to prevent crime or protect the populace *(People v Isaacson, supra,* at 521). Here, the defendant was never reluctant to sell cocaine; he merely was reluctant to sell it in New York. Further, while the informant had to convince the defendant to conduct the sale in New York, there is no evidence that he persuaded him to do so through deception or coercion, as occurred in *Isaacson.* Accordingly, the defendant was not denied his right to due process of law *(see, People v Rathbun,* 141 AD2d 570; *People v Perrella,* 138 AD2d 541; *People v Surpris,* 125 AD2d 351).

In addition, we reject the defendant's claim that his warrantless arrest was not supported by probable cause. The informant signaled to the police that the defendant had cocaine after he personally observed it in the car. This was sufficient to create probable cause, since independent police observation of the defendant had established the informant's reliability *(see, People v Mercado,* 68 NY2d 874, 877, *cert denied* 479 US 1095; *People v Rodriguez,* 52 NY2d 483, 490; *People v Torres,* 155 AD2d 231). In any event, probable cause also arose when the police saw the cocaine in plain view inside the car before making the arrest.

We also reject the defendant's contention that the sentence imposed constituted cruel and unusual punishment *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Buckmaster,* 139 AD2d 659; *People v Castano,* 99 AD2d 738). Nor is the sentence excessive *(see, People v Suitte,* 90 AD2d 80). Kunzeman, J. P., Rosenblatt, Miller and Ritter, JJ., concur.