■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVIS RANTA, Appellant. [610 NYS2d 283] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 10, 1991, convicting him of murder in the second degree (two counts), robbery in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not improvidently exercise its discretion in denying the defendant's motion to dismiss the indictment based, *inter alia,* on police misconduct *(see,* CPL 210.40). Although the police admittedly violated certain court orders, the police conduct challenged by the defendant was not so egregious as to "manifest a disregard for cherished principles of law and order" *(People v Isaacson,* 44 NY2d 511, 521; *People v Persico,* 131 AD2d 603).

Moreover, although the jury charge on accessorial liability may have been unwarranted, the charge did not prejudice the defendant since "[t]here is no distinction between liability as a principal and criminal [conduct] as an accessory and the status for which the defendant is convicted has no bearing upon the theory of the prosecution" *(People v Duncan,* 46 NY2d 74, 79-80, *cert denied* 442 US 910; *see also, People v Hilts,* 191 AD2d 779; *People v Rogers,* 177 AD2d 666, 667).

Although we do not condone the People's delay in meeting its *Brady* and *Rosario* obligations, the defendant's claims are unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Laguer,* 195 AD2d 483). Given the overwhelming evidence of the defendant's guilt, we decline to reach the claims in the exercise of our interest of justice jurisdiction.

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not warrant reversal. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.