■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME SARAGUARD and PATRICE CLINTON, Appellants. [625 NYS2d 665] —Appeals by the defendants from two judgments (one as to each of them) of the Supreme Court, Suffolk County (Leis, J.), both rendered December 23, 1992, convicting each of them of criminal possession of a controlled substance in the

third degree and criminal sale of a controlled substance in the third degree, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendants were charged with selling cocaine to undercover police officers with the codefendant Teresa Monds acting as an intermediary between the defendants and the officers. Monds' case was severed. Prior to the defendants' trial, Monds appeared before the court to enter a plea of guilty, at which time she asserted that the defendants had "nothing to do with it". The court did not accept her plea and called a hearing to determine the admissibility of Monds' exculpatory statement at the defendants' trial. Following the hearing, the Supreme Court determined that if Monds was called to testify at the defendants' trial, she would invoke the Fifth Amendment and that her statement exculpating the defendants was therefore inadmissible.

The Supreme Court properly concluded that Monds' hearsay statement to the court was not admissible as a declaration against penal interest. Significantly, there was no supporting evidence establishing a "reasonable possibility" that her statement was true (see, People v Settles, 46 NY2d 154, 169-170; see also, People v Thomas, 68 NY2d 194, cert denied 480 US 948).

Furthermore, the issue of whether the admission of Monds' hearsay statements to the undercover officers deprived the defendants of their right of confrontation was not preserved for appellate review since they did not alert the trial court to any alleged constitutional violation (see, CPL 470.05 [2]; People v Logan, 145 AD2d 437, affd 74 NY2d 859; People v Woods, 202 AD2d 1043). In any event, the record establishes that Monds was both "unavailable" to testify and that her statements had "indicia of reliability" sufficient to justify their admission (Ohio v Roberts, 448 US 56, 66; see also, People v Sanders, 56 NY2d 51, 64). Notably, Monds' statements were made to persons with whom she believed she was engaged in a joint criminal enterprise and therefore she had no motive to lie (see, People v Sanders, supra, at 65; People v Kahle, 136 AD2d 570; cf., People v Glenn, 185 AD2d 84).

We have reviewed the defendants' remaining contentions and find that they are without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.