■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE L. McDOUGAL, Appellant. [633 NYS2d 503] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered August 23, 1994, convicting him of bribe receiving by a public servant in the third degree, receiving reward for official misconduct in the second degree, official misconduct, and computer trespass, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a New York City police officer, was arrested in a "sting operation", wherein he was made to believe that he was being hired by a drug dealer for the purpose of protecting transported drug money. On this appeal, the defendant contends that the conduct of the police was "so egregious and deprivative" of his due process rights *(People v Isaacson,* 44 NY2d 511, 519) that notwithstanding his failure to establish his entrapment defense, the indictment should have been dismissed. He also contends that the People failed to prove beyond a reasonable doubt each of the elements of the crimes of which he was convicted. We find these contentions to be meritless.

In *People v Isaacson* (44 NY2d 511, 518-519, *supra),* the Court of Appeals held that, in some instances, police conduct, "when tested by due process standards", can be "so egregious and deprivative as to impose upon us an obligation to dismiss" even if the defendant fails to establish the defense of entrapment *(see also, People v Shine,* 187 AD2d 950). A determination of whether the conduct of the police rose to this level of impropriety involves consideration of the following factors: (1) whether the police manufactured a crime which otherwise would not likely have occurred, or merely involved themselves in an ongoing criminal activity; (2) whether the police themselves engaged in criminal or improper conduct repugnant to a sense of justice; (3) whether the defendant's reluctance to commit the crime was overcome by persistent solicitation or other appeals; and (4) whether the police simply sought to obtain a conviction rather than to prevent further crime or protect the populace *(People v Isaacson, supra,* at 521). Consideration of these factors shows that the police conduct complained of did not rise to the level requiring dismissal of the indictment. The police commenced the "sting operation" based upon information provided

by an informant, which suggested that the defendant might be involved in criminal activity. Although prior to the sting operation the police did not have any information that the defendant had engaged in criminal activity, the information provided by the informant provided a strong basis for commencing the sting operation.

The police also did not engage in criminal or improper conduct repugnant to a sense of justice. The defendant was merely deceived into believing that he was providing protection for transported drug money and that his services would be paid for by the drug dealer. "Criminal activity is such that stealth and strategy are necessary weapons in the arsenal of the police officer" *(Sherman v United States,* 356 US 369, 372), and " 'the carefully selected use of the contrived crime under appropriately compelling circumstances' * * * is not repugnant to a sense of justice" *(People v Archer,* 68 AD2d 441, 449, *affd* 49 NY2d 978, *cert denied* 449 US 839).

Moreover, the defendant was never reluctant to use his status as a police officer to protect the transported drug money, and was only afraid of being caught. Nor was he tempted with the prospect of exorbitant gain, since he negotiated his fees with the undercover police officer who was posing as the drug dealer who needed protection. Consequently, the defendant was not denied his right to due process *(see, People v Charris,* 175 AD2d 808; *People v Rathbun,* 141 AD2d 570; *People v Archer, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Charles,* 61 NY2d 321; *People v Nieves,* 197 AD2d 542; *People v Logan,* 145 AD2d 437, *affd* 74 NY2d 859; *People v Teitelbaum,* 138 AD2d 647). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]). Joy, J. P., Hart, Goldstein and Florio, JJ., concur.