■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS COLON, Appellant. [733 NYS2d 700] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered May 12, 1999, convicting him of criminal sale of a firearm in the first degree, criminal sale of a firearm in the second degree (five counts), criminal sale of a firearm in the third degree (eighteen counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested after he sold numerous firearms from his New York residence, having only a Federal firearms dealer license. On appeal, the defendant contends that the conduct of an inspector with the Bureau of Alcohol Tobacco and Firearms (hereinafter the ATF), who interviewed him at his residence in connection with the Federal license, was "so egregious and deprivative" of his due process rights (*People v Isaacson,* 44 NY2d 511, 519), as to warrant reversal. We disagree.

In determining whether the conduct of law enforcement of-

ficials was so egregious as to deprive one of due process, the following factors are to be considered: (1) whether the police manufactured a crime which otherwise would not likely have occurred, or merely involved themselves in an ongoing criminal activity, (2) whether the police themselves engaged in criminal or improper conduct repugnant to a sense of justice, (3) whether the defendant's reluctance to commit the crime is overcome by appeals to humanitarian instincts such as sympathy or past friendship, by temptation of exorbitant gain, or by persistent solicitation in the face of unwillingness, and (4) whether the record reveals simply a desire to obtain a conviction with no reading that the police motive is to prevent further crime or protect the populace (*see, People v Isaacson, supra,* at 521; *People v McDougal,* 221 AD2d 374).

The testimony adduced at trial demonstrated that when the defendant was interviewed by the ATF at his home in connection with his Federal firearms dealer license application, he was advised pursuant to 27 CFR 178.58, that "[a] license issued under this part confers no right or privilege to conduct business or activity contrary to State or other law. [The applicant is] * * * not by reason of the rights and privileges granted by that license immune from punishment for operating a firearm or ammunition business or activity in violation of the provisions of any State or other law." Thus, there is no merit to the defendant's claim that he was "set-up" by the ATF to violate New York State law by issuing him a Federal license that could not legally be used as intended, i.e., for the sale of firearms from his New York residence, and subsequently mailing to local police a "referral" indicating that the defendant may be violating state or local law by conducting a firearms business from his residence, without proper state or local licenses.

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.