■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH EVERTON SPENCE, Appellant. [833 NYS2d 599]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered July 1, 2003, convicting him of grand larceny in the third degree (two counts) and insurance fraud in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the conduct of the undercover investigators who arrested him pursuant to a "sting" operation was so egregious that it violated his right of due process under *People v Isaacson* (44 NY2d 511 [1978]). Since the defendant's contention was not raised before the County Court, it is

unpreserved for appellate review (*see People v Montgomery*, 88 NY2d 1041, 1043 [1996]; *People v Tocco*, 258 AD2d 374 [1999], *lv denied* 93 NY2d 980 [1999], *cert denied* 528 US 968 [1999]). In any event, the contention is without merit.

In determining whether police conduct is so egregious as to violate a defendant's due process rights, "factors to be considered are: (1) whether the police manufactured a crime which otherwise would not likely have occurred, or merely involved themselves in an ongoing criminal activity; (2) whether the police themselves engaged in criminal or improper conduct repugnant to a sense of justice; (3) whether the defendant's reluctance to commit the crime is overcome by appeals to humanitarian instincts such as sympathy or past friendship, by temptation of exorbitant gain, or by persistent solicitation in the face of unwillingness; and (4) whether the record reveals simply a desire to obtain a conviction with no reading that the police motive is to prevent further crime or protect the populace" (*People v Isaacson, supra* at 521 [citations omitted]). Here, the undercover investigators did not engage in criminal or improper conduct repugnant to a sense of justice, and did not overcome the defendant's reluctance to commit the crimes by persistent solicitation in the face of unwillingness (*see People v McDougal*, 221 AD2d 374, 375 [1995]). In addition, the undercover investigators involved themselves in an ongoing criminal activity and intended to prevent further crime (*see People v McDougal, supra*). Consequently, the defendant was not denied his right to due process (*see People v Chou*, 292 AD2d 199 [2002]; *People v Colon,* 289 AD2d 253 [2001]; *People v McDougal, supra*).

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of insurance fraud in the third degree beyond a reasonable doubt (*see People v Strickland*, 10 AD3d 371 [2004]; *People v Chase*, 299 AD2d 597 [2002]; *People v Alfaro*, 108 AD2d 517 [1985], *affd* 66 NY2d 985 [1985])

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in point two of his supplemental pro se brief is unpreserved for appellate review, and the contentions raised in point one and point three of his supplemental pro se brief are without merit. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.