People v Walker (2025 NY Slip Op 06085)

People v Walker

2025 NY Slip Op 06085

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2020-02856
 (Ind. No. 422/18)

[*1]The People of the State of New York, respondent,
v
Charles Walker, appellant.

Patricia Pazner, New York, NY (Denise A. Corsi of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky, Timothy Pezzoli, and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered January 23, 2020, convicting him of criminal sale of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of criminal sale of a controlled substance in the second degree, in violation of Penal Law § 220.41(1). Prior to the entry of his plea of guilty, the defendant made multiple motions requesting, inter alia, a hearing to determine whether the police conduct in apprehending him was so egregious that it violated his right of due process under People v Isaacson (44 NY2d 511). The Supreme Court denied the motions. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied his motions, inter alia, for an Isaacson hearing. "In determining whether police conduct is so egregious as to violate a defendant's due process rights, 'factors to be considered are: (1) whether the police manufactured a crime which otherwise would not likely have occurred, or merely involved themselves in an ongoing criminal activity; (2) whether the police themselves engaged in criminal or improper conduct repugnant to a sense of justice; (3) whether the defendant's reluctance to commit the crime is overcome by appeals to humanitarian instincts such as sympathy or past friendship, by temptation of exorbitant gain, or by persistent solicitation in the face of unwillingness; and (4) whether the record reveals simply a desire to obtain a conviction with no reading that the police motive is to prevent further crime or protect the populace'" (People v Spence, 39 AD3d 673, 674, quoting People v Isaacson, 44 NY2d at 521; see People v Colon, 289 AD2d 253, 253-254). Here, the defendant failed to allege that the police engaged in conduct so egregious as to "'manifest a disregard for cherished principles of law and order'" (People v Ranta, 203 AD2d 307, 307, quoting People v Isaacson, 44 NY2d at 521). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a hearing (see id.; People v Reyes, 50 Misc 3d 1201[A], 2015 NY Slip Op 51833[U], *5-6 [Crim Ct, NY County]).
The defendant's sentence was not excessive (see People v Brisman, 42 NY3d 322, [*2]324).
The defendant's remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court