■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO MATOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.),

rendered October 18, 1983, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, indictment dismissed, and matter remitted to the Supreme Court, Kings County, for entry of an order in its discretion pursuant to CPL 160.50.

As part of a "buy-and-bust" operation, an undercover officer approached the defendant, who was standing on a sidewalk in Brooklyn, and asked him for two $10 packets of heroin. The defendant replied that he was only selling cocaine. The undercover officer said he wanted heroin, not cocaine. The defendant told the undercover officer to give him the money and he would take the undercover officer to a place where he could get heroin. The undercover officer handed the defendant $20 and they both walked diagonally across the street to a man later identified as Vito Acevedo. The defendant told Acevedo that the undercover officer wanted "two dimes", and gave Acevedo the $20. Acevedo handed the undercover officer two glassine envelopes containing heroin.

At trial, the defendant relied upon a defense of agency. An agency defense is not an affirmative defense, but rather, it may negate the existence of an element of the crime, namely, the sale or the intent to sell *(see, People v Roche,* 45 NY2d 78, 86). Accordingly, the People are required to disprove agency beyond a reasonable doubt.

Because, in this case, the People did not disprove the contention that the defendant was merely the agent of the buyer *(see, People v Lam Lek Chong,* 45 NY2d 64, 73, *cert denied* 439 US 935), the judgment must be reversed and the indictment dismissed for failure of proof.

The defendant exhibited no independent desire to promote the transaction; it was the undercover officer who suggested the purchase; the defendant's previous acquaintance, if any, with Acevedo was not established; the defendant exhibited no salesmanlike behavior; the defendant used the undercover officer's funds; and there was no evidence of a promised reward or any profit *(see, People v Bethea,* 73 AD2d 920, 921; *see also, People v Bryant,* 106 AD2d 650, 651; *People v Oliver,* 99 AD2d 789).

In view of our determination, we need not address the defendant's remaining contention. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.