■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS GIBBONS, Appellant.—Judgment, Supreme Court, New York County (Leon Becker, J.), rendered April 19, 1988, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree and sentencing him as a second felony offender to an indeterminate prison term of 6 to 12 years for the sale count, and to a definite prison term of one year on the possession count, both sentences to run concurrently, unanimously affirmed.

Defendant's failure to object at trial to the jury charge, or any part of it, or to request an agency charge, forecloses this court from considering his claims as a matter of law. *(People v Argibay,* 45 NY2d 45, 50.) Moreover, were we to consider the claims of defendant in the interest of justice, we would nonetheless affirm.

A jury instruction regarding the defense of agency should be submitted "where there is at least some evidence, however slight, to support the inference that the supposed agent was acting, in effect, as an extension of the buyer" *(People v Argibay,* 45 NY2d 45, 55, *supra).* Defendant has failed to demonstrate that such a relationship existed here. The factors which tend to warrant an agency instruction, such as those enumerated in *People v Lam Lek Chong* (45 NY2d 64, 75), are not sufficiently present here to warrant a jury instruction on the agency defense.

Additionally, defendant's sentence was not an abuse of discretion on the part of the sentencing court. *(People v Farrar,* 52 NY2d 302, 305-306.) The sentencing court properly weighed all factors, including defendant's family ties and employment history, and the nature of the crime and defendant's criminal history, in imposing the sentence. Concur—Kupferman, J. P., Sullivan, Carro, Rosenberger and Ellerin, JJ.