■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.),

rendered March 23, 1987, convicting him of criminal sale of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the trial court's decision to have the court reporter read back certain portions of its charge in response to a jury request has not been preserved for appellate review in view of the defendant's failure to register an objection to the court's initial charge, or to the contents of the portion read back to the jury, or to the manner in which the court complied with the jury's request *(see,* CPL 470.05 [2]; *People v Gonzales,* 77 AD2d 654, *affd* 56 NY2d 1001). In any event, we find the court did meaningfully respond to the jury's request *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847) by ordering the requested portions of its initial charge, which, we note, adequately covered the relevant topics, to be read back to the jury *(see, People v Malloy, supra; see also, People v Davis,* 118 AD2d 206).

Furthermore, we do not agree with the defendant's argument that the jury verdict acquitting him of criminal possession of a controlled substance in the third degree and convicting him of criminal sale of a controlled substance in the third degree was repugnant. A determination of whether a verdict is repugnant is based solely on a review of the trial court's jury charge regardless of its accuracy *(see, People v Goodfriend,* 64 NY2d 695; *People v Tucker,* 55 NY2d 1). Viewing the elements of the crimes as charged to the jury herein, it is clear that the jury verdict was not repugnant.

Finally, we find no merit to the defendant's contention that he was deprived of a fair trial by reason of the prosecutor's summation. Although most of the challenged remarks were cited by the defendant as a basis for his unsuccessful mistrial motion and, thus, were preserved for appellate review, the remaining remarks were not objected to by the defendant and were, thus, not preserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Balls,* 69 NY2d 641). We conclude that most of the prosecutor's remarks which the defendant challenges on appeal constituted either a fair comment on the evidence and/or a fair response to the defense summation *(see, People v Rawlings,* 144 AD2d 500). Moreover, the error, if any, caused by the prosecutor's remaining remarks was harmless in view of the overwhelming proof of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.