■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILSON TRINIDAD, Appellant.—Judgments of the Supreme Court, New York County, rendered December 1, 1989 (Herbert Altman, J., at suppression hearing; Alfred Kleiman, J., at trial and sentencing), convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and convicting him of violating probation, and sentencing him as a predicate felon to concurrent terms of 4½ to 9 years, and 1 to 3 years, respectively, unanimously affirmed.

This conviction arises out of a buy and bust operation. The undercover officer testified that, after observing defendant make two apparent narcotic sales to other parties, he approached defendant and two accomplices. The officer indicated that he wanted two glassines, which defendant provided, in exchange for $20 in buy money. The undercover officer then alerted backup, provided complete descriptions of the three men, and directed the backup unit, by radio, to the location of the three men. $20 in buy money was recovered from one of the accomplices.

Defendant's guilt was proved beyond a reasonable doubt by overwhelming evidence. Although appellate counsel points out certain inconsistencies between the undercover officer's testimony, and his post-buy summaries, it is well established that the credibility of witnesses is an issue for the jury (see, e.g., People v Mosley, 112 AD2d 812, 813-814, affd 67 NY2d 985).

Defendant waived most challenges to the court's limitation of cross-examination by failing to place on the record his explanation of the relevance and materiality of his proposed lines of inquiry (People v George, 67 NY2d 817, 819). If we were to review, we would find that defendant's questions were neither relevant nor material. Since it is well established that the scope of cross-examination rests in the trial court's discretion, which is reviewed on appeal only for plain abuse (People v Cruz, 158 AD2d 329, 330, lv denied 75 NY2d 965), we will not review in the interest of justice. Defendant's challenge to the court's limitation on certain summation comments is meritless.

Finally, after our review of the record, we find all other contentions of the defendant to be without merit. Concur— Murphy, P. J., Ross, Asch, Kassal and Smith, JJ.