■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELSIE CINTRON SALTARES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered February 2, 1990, convicting her of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that she was denied a fair trial as a result of the court's refusal to provide the jury with a written list of the names and the shield numbers of the police officers who testified against her. The defendant was identified by two police officers as the woman who sold two vials of crack cocaine to an undercover police officer while another officer observed the transaction. The defendant was arrested at the scene shortly thereafter and was found to be in possession of five vials of crack cocaine plus the prerecorded buy money used by the undercover officer to purchase the two vials of crack cocaine. At trial the defendant admitted that she possessed five vials of crack cocaine for personal use, but she denied selling two vials to the undercover officer.

During deliberations the jury asked for the names and shield numbers of all police witnesses, apparently to evaluate police reports which identified some participating police officers primarily by their shield numbers. The court orally responded to the jury's request but declined to accede to defense counsel's request to compile a written list of names and numbers for the jury to review in the jury room.

Contrary to the defendant's contentions, the court did meaningfully respond to the jury's request (see, People v Malloy, 55 NY2d 296, cert denied, 459 US 847; People v Gonzalez, 156 AD2d 711). Indeed, in its note to the court the jury merely requested "all names and badges pertaining to all officers". The court provided this requested information (see, People v Gonzalez, supra) and the jury was evidently satisfied with the court's oral recitation of the requested information as it asked for no further explanation (see, People v Davis, 118 AD2d 206). The defendant's unsubstantiated speculation that only a written response to the jury's request would have sufficed to enable the jury to evaluate the police reports offered into

evidence by the defense does not support a finding that the court's oral response was in any way deficient. In any event, even if the court's response to the jury was less than meaningful, any error in connection therewith would be harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ, concur.