(July 5, 1994)

■ The People of the State of New York, Respondent, v Eddie Santiago, Appellant. [614 NYS2d 400] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered March 10, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's contention that the trial court erred in failing to charge an agency defense is unpreserved, and we decline to review it in the interest of justice. In any event, there was no reasonable view of the evidence to support an inference that the supposed agent was acting as an extension of the undercover buyer (People v Gibbons, 156 AD2d 263, lv denied 75 NY2d 919). Even under defendant's version of events, defendant sought to accommodate his companion, whom defendant knew to be a drug dealer, by inquiring as to what the undercover police officer wanted in the bodega, and not the undercover, whom defendant stated was a stranger. Defendant willingly passed along the $10 bill to his companion even while exclaiming that he would not assist the undercover in the transaction; there was no testimony that defendant felt coerced at that moment. The fact that no drugs or prerecorded buy money were recovered from defendant is not unusual given the separate roles played by drug dealing accomplices in order to avoid detection (People v McKinnon, 176 AD2d 193, 194, lv denied 79 NY2d 829).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.