■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GARCIA, Appellant. [621 NYS2d 330] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered November 30, 1992, convicting defendant, after jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

Defendant's claim that the court erred in failing to charge the jury on the defense of agency is not preserved for appellate review as a matter of law, defendant having failed to object to the jury charge, or to request an agency charge *(People v Gibbons,* 156 AD2d 263, *lv denied* 75 NY2d 919). In any event, were we to consider the claim in the interest of justice, we would find that no reasonable view of the evidence could support an inference that defendant was acting as an

extension of the buyer, where defendant initiated the narcotics transaction with the undercover officer, with whom he had no prior relationship, by uttering to her the word "jumbos", a street term for large vials of crack, and, upon the officer's request for "two", led her a short distance to his companion, with whom she completed the transaction *(see, People v Herring,* 83 NY2d 780). Defendant's " 'overall manner and actions substantiate that this was a well-choreographed, two-person drug operation, conducted by two street-wise entrepreneurs' " *(People v Fowler,* 154 AD2d 272, 274, *lv denied* 74 NY2d 948; *People v Windley,* 78 AD2d 55, 58). That defendant possessed neither drugs nor buy money "is not unusual given the separate roles played by drug dealing accomplices in order to avoid detection" *(People v Santiago,* 206 AD2d 251). Concur—Sullivan, J. P., Rosenberger, Nardelli and Williams, JJ.