■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN ALSTON, Appellant. [626 NYS2d 82] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J.), rendered May 13, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5½ to 11 years, unanimously affirmed.

Since defendant never requested an agency charge at trial,

his claim that such should have been given is unpreserved for appellate review as a matter of law *(People v Gibbons,* 156 AD2d 263, *lv denied* 75 NY2d 919), and we decline to review it in the interest of justice. If we were to review it, we would find that there is no reasonable view of the evidence that defendant, who initiated the drug transaction with the undercover officer, led the officer to his codefendant, communicated to the codefendant the undercover's proposed purchase, and, after the sale, sought assurance from the undercover officer that he had received what he had ordered, acted solely as an agent for the buyer and had no independent interest in promoting the transaction *(compare, People v Herring,* 83 NY2d 780, *with People v Roche,* 45 NY2d 78, *cert denied* 439 US 958; *see also, People v Tention,* 162 AD2d 355, *lv denied* 76 NY2d 991). Nor did the trial court abuse its discretion in limiting defendant's cross-examination *(see, People v Trinidad,* 177 AD2d 286, *lv denied* 79 NY2d 865) of police witnesses regarding a separate drug sale to a separate buyer that occurred after the charged sale, which would have served only to distract the jury from the relevant issues. The court also appropriately precluded a detective from providing a legal definition of loitering, which was not charged against defendant. We perceive no abuse of sentencing discretion. Concur— Ellerin, J. P., Asch, Nardelli and Williams, JJ.