■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL WASHINGTON, Appellant. [629 NYS2d 237] —Judgment, Supreme Court, New York County (Richard Carruthers, J.),

rendered February 9, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent prison terms of 5 to 10 years and 30 days, respectively, unanimously affirmed.

Defendant's claim that the evidence showed that he was an agent of the undercover buyer of the drugs rather than the seller is unpreserved as a matter of law, since his motion for a trial order of dismissal did not specifically raise that alleged deficiency in the People's proof (see, People v Gray, 86 NY2d 11). Also unpreserved is defendant's claim that the court should have given an agency charge, since defendant did not request it when given the opportunity to do so and did not object to the court's charge after it was given (People v Alston, 215 AD2d 108). In any event, were we to review these claims in the interest of justice, we would find that no reasonable view of the evidence could support an inference that defendant was acting on behalf of the undercover buyer. Defendant initiated the transaction by informing the undercover that he had "dimes", brought him to his accomplice who was standing 20 feet away, and nodded to the accomplice before pointing to the undercover, whereupon the accomplice consummated the sale with the undercover of two vials of cocaine for $20 (People v Garcia, 211 AD2d 498), and that a contrary conclusion is not required by the fact that the undercover gave defendant $1 after the sale in order to avoid a confrontation.

The trial court's Sandoval ruling permitting the prosecutor to ask defendant, should he take the stand, about a prior conviction for attempted criminal sale of a controlled substance in the third degree was a proper exercise of discretion, given three recent felony convictions all involving narcotics, as well as several recent misdemeanors (see, People v Varella, 213 AD2d 184).

Nor do we perceive any abuse of sentencing discretion. As a predicate felon, defendant faced a minimum of $4^1/_2$ to 9 years and a maximum of $12^1/_2$ to 25 years, and was given only six months more than the minimum, notwithstanding his prior history of drug convictions. That defendant receive a harsher sentence after trial than he was offered during plea negotiations does not indicate that he was punished for exercising his right to a trial (People v Catten, 214 AD2d 463). Concur— Wallach, J. P., Kupferman, Nardelli and Williams, JJ.