■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MELCHERTS, Appellant. [639 NYS2d 19]

The scope of cross-examination rests in the trial court's discretion, which is reviewed on appeal only for plain abuse *(People v Trinidad,* 177 AD2d 286, *lv denied* 79 NY2d 865). A review of the record fails to demonstrate an abuse of such discretion in the trial court's rulings precluding defendant's cross-examination of the complainant about whether she made false criminal allegations against two other men and whether she traded sex for cocaine prior to the subject incident. Defendant failed to proffer a sufficient good faith basis to require the court to permit inquiry into either of these collateral matters. It should be noted that, on the oral argument, defense counsel conceded that the questions were for impeachment of the complainant's general credibility only. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES SMITH, Appellant. [639 NYS2d 689]

The trial court properly denied defendant's request to proceed *pro se,* which was not made until after the jury had been empaneled and proffered insufficient reasons for making the request *(People v McIntyre,* 36 NY2d 10, 17). The prosecutor's improper comments during summation were harmless in view of the overwhelming evidence of defendant's guilt, and in any event, any prejudice was eliminated by the court's curative instructions and final charge. Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.