■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARIA, Appellant. [648 NYS2d 302] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 17, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The People's proof overwhelmingly established that, in screening and steering customers, defendant acted in concert with his partner to possess and sell cocaine, as charged. The failure to recover prerecorded buy money or drugs from defendant's person upon his arrest is "not unusual given the separate roles played by drug dealing accomplices in order to avoid detection" (*People v Santiago*, 206 AD2d 251, *lv denied* 84 NY2d 832).

Defendant's failure to request an agency charge or to object that one was not given renders his claim unpreserved (*People v Gibbons*, 156 AD2d 263, *lv denied* 75 NY2d 919). Indeed, in the present circumstances, it would have been error for the court to have given the charge *sua sponte*, and detrimental to defendant for counsel to have sought it. The charge would have undermined the defense that defendant had not participated in the transaction at all. Defendant received competent, meaningful representation (*People v Baldi*, 54 NY2d 137).

We perceive no abuse of sentencing discretion.

We have considered defendant's remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.