■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK VAUGHAN, Appellant. [750 NYS2d 846] —Judgment, Supreme Court, New York County (John Cataldo, J., on speedy trial motion; George Daniels, J., at jury trial and sentence), rendered November 15, 1999, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant has failed to preserve his contention that the court should have delivered an agency charge (*see People v Maria*, 232 AD2d 280), and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no reasonable view of the evidence that defendant agreed to participate in this crime only because he wished to serve as an agent for the buyer (*see People v Herring*, 83 NY2d 780; *People v Lam Lek Chong*, 45 NY2d 64, 74-75, *cert denied* 439 US 935). We note, inter alia, that defendant's behavior was completely consistent with that of a participant in a drug-selling enterprise, that there was no evidence of any conversation between defendant and the undercover purchaser as to why the latter needed or wanted to be represented by an "agent" instead of simply buying his own drugs, and that there was no evidence of any motive for defendant to purchase drugs for a total stranger. Accordingly, contrary to defendant's additional argument, counsel was not ineffective for failing to request an agency charge. Furthermore, the record establishes

that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

Since defendant has not provided an adequate record on appeal, his claims regarding the denial of his speedy trial motion are not reviewable by this Court (*see People v Olivo*, 52 NY2d 309, 320). To the extent the existing record permits review, we find that neither defendant's statutory nor constitutional rights were violated.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.