■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM PETTY, Appellant. [795 NYS2d 1]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., on dismissal motion; Richard D. Carruthers, J., at jury

trial and sentence), rendered August 28, 2002, convicting defendant of assault in the second degree, criminal mischief in the third degree, attempted coercion in the first degree, criminal contempt in the second degree (two counts), tampering with a witness in the fourth degree (two counts), criminal possession of a weapon in the fourth degree and unlawful imprisonment in the second degree, and sentencing him to an aggregate term of three years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]). The fact that the jury acquitted defendant of additional charges does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). The credible evidence established every element of each of the crimes of which defendant was convicted.

The trial court providently exercised its discretion in precluding cross-examination of the victim regarding a complaint of physical abuse she filed against a prior boyfriend, which resulted in an adjournment in contemplation of dismissal. The prior complaint did not bear a significant probative relation to the instant charges and there was no factual showing that the allegations in the prior complaint were false (see People v Mandel, 48 NY2d 952, 953 [1979], cert denied 446 US 949 [1980]; People v Brown, 303 AD2d 175 [2003], lv denied 100 NY2d 579 [2003]). We note that an adjournment in contemplation of dismissal is not an adjudication on the merits (Hollender v Trump Vil. Coop., 58 NY2d 420 [1983]).

The motion court properly denied defendant's motion to dismiss the indictment. The prosecutor's appropriate cross-examination of defendant before the grand jury did not impair the integrity of the proceedings (see People v Gonzalez, 201 AD2d 414 [1994], lv denied 83 NY2d 871 [1994]). Concur—Tom, J.P., Andrias, Marlow, Ellerin and Sweeny, JJ.