■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CASTILLO, Appellant. [829 NYS2d 92]—

Judgment, Supreme Court, New York County (Charles J.

Tejada, J.), rendered June 8, 2004, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict rejecting defendant's agency defense was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence established that defendant approached the undercover purchaser, with whom he had no prior relationship, communicated separately with the seller, vouched for the drugs and stayed with the purchaser while the seller went to get the drugs. Thus, defendant's actions were consistent with that of a steerer (*see People v Herring*, 83 NY2d 780, 783 [1994]). There was no evidence suggesting that defendant was doing a "favor" for the purchaser (*see People v Lam Lek Chong*, 45 NY2d 64, 74-75 [1978], *cert denied* 439 US 935 [1978]), or "of any conversation between defendant and the undercover purchaser as to why the latter needed or wanted to be represented by an 'agent' instead of simply buying his own drugs" (*People v Vaughan*, 300 AD2d 104, 104 [2002], *lv denied* 99 NY2d 633 [2003]).

The court's *Sandoval* ruling properly balanced the probative value against the prejudicial effect of certain of defendant's prior drug convictions, and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]).

Defendant's arguments for a reduced penalty under the Drug Law Reform Act (L 2004, ch 738) are without merit (*People v Utsey*, 7 NY3d 398 [2006]). Concur—Mazzarelli, J.P., Andrias, Marlow, Buckley and McGuire, JJ.