■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ODELL PEARSON, Appellant. [855 NYS2d 72]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered April 12, 2006, as amended June 12, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of six years, unanimously affirmed.

The verdict was not against the weight of the evidence. To the extent that defendant is claiming that the evidence failed to disprove an agency defense, we note that defense counsel expressly waived that defense, and the court gave no such instruction to the jury; we are required to review the weight of the evidence in light of the court's charge (see *People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Noble*, 86 NY2d 814, 815 [1995]). In any event, the evidence established defendant's guilt beyond a reasonable doubt, and his agency claim is entirely without merit (see e.g. *People v Vaughan*, 300 AD2d 104 [2002], *lv denied* 99 NY2d 633 [2003]). There is no significant difference between the fact pattern in this case and the scenario presented in *People v Herring* (83 NY2d 780 [1994]), where the Court of Appeals found that the evidence did not warrant submission of the agency defense to the jury.

The record indicates that defense counsel chose not to pursue an agency defense because it would open the door to evidence of defendant's prior record for selling drugs. The court had expressly stated that if defendant raised an agency defense the prior sales would be admissible. Defendant now claims that his attorney rendered ineffective assistance by failing to make further efforts to persuade the court to exclude the prior record as a matter of discretion. This claim is unreviewable on direct appeal because the present record is inadequate to evaluate

counsel's strategic choice, and we reject defendant's argument to the contrary (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Counsel could have reasonably concluded that the court had no intention of permitting him to raise an agency defense without also permitting the People to rebut it with admissible evidence of defendant's prior record, and that further efforts to pursue the matter would have been futile. Furthermore, defendant was not prejudiced by the absence of an agency defense, which, as noted, was completely unsupported by the evidence.

Defendant's remaining argument is without merit. Concur—Lippman, P.J., Tom, Buckley and Moskowitz, JJ.