THOMAS W. D'ANTONIO, Respondent, v GARY HILLER et al., Appellants, et al., Defendant. [864 NYS2d 310]—Appeal from an order and judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about February 27, 2007, unanimously withdrawn in accordance with the terms of the stipulation of the parties hereto. No opinion. Order filed. Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.

In the Matter of MARK C., Appellant, v JASMIN H., Respondent. In the Matter of JASMIN H., Respondent, v MARK C., Appellant. [865 NYS2d 70]—

Orders, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about July 20, 2007, which, after a fact-finding hearing, denied Mark C.'s petition for an order of protection and granted Jasmin H.'s petition for similar relief, unanimously affirmed, without costs.

Mark C. failed to establish, by a fair preponderance of the evidence, that Jasmin H. had committed the acts he alleged to have occurred when she arrived at school to pick up their son from court-ordered visitation. On the other hand, Jasmine H. did establish, by a preponderance of the evidence, that Mark C. had committed the criminal offenses of harassment in the second degree, disorderly conduct and attempted assault in the third degree. The record provides no basis for disturbing the court's credibility determinations (see Matter of Peter G. v Karleen K., 51 AD3d 541 [2008]).

Family Court providently exercised its discretion in foreclosing Mark C.'s attempt to cross-examine Jasmin H. about a prior complaint of sexual abuse allegedly committed against the parties' daughter, as the details of that complaint were irrelevant to the charges at issue in the instant petition and cross petition, and were well beyond the scope of the direct examination (see People v Petty, 17 AD3d 220 [2005], lv denied 5 NY3d 793 [2005]; People v Melcherts, 225 AD2d 357 [1996], lv denied 88 NY2d 881 [1996]). Concur—Tom, J.P., Friedman, Buckley, Acosta and Freedman, JJ.