People v Cruz (2019 NY Slip Op 07273)





People v Cruz


2019 NY Slip Op 07273


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2017-10026
 (Ind. No. 14-00154)

[*1]The People of the State of New York, respondent,
v
Daniel Cruz, appellant.


John R. Lewis, Sleepy Hollow, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (David S. Zuckerman, J.), rendered September 19, 2017, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and the facts, by vacating the convictions of criminal sale of a controlled substance in the third degree under count three of the indictment and criminal possession of a controlled substance in the seventh degree, as charged as a lesser included offense under count four of the indictment, vacating the sentences imposed thereon, and dismissing counts three and four of the indictment, with leave to the People, if they be so advised, to submit the charge of criminal possession of a controlled substance in the seventh degree, as charged as a lesser included offense under count four of the indictment, to another grand jury; as so modified, the judgment is affirmed.
The evidence at trial established that on October 23, 2013, a police officer, while on an undercover assignment to purchase narcotics, encountered the defendant standing outside a store on North Main Street in Spring Valley. According to the defendant's trial testimony, he was panhandling outside the store at the time. The officer asked the defendant whether the defendant or someone the defendant knew could get the officer pills or marijuana. The defendant responded that he could get the officer marijuana and crack cocaine, but the defendant would need to make a phone call. The defendant borrowed the officer's phone to do so. The two men subsequently traveled together by bicycle to the Fred Hecht Apartments, where the defendant took $40 from the officer, went out of the officer's sight for 5 to 10 minutes, and returned with a quantity of marijuana and crack cocaine. The defendant testified that he procured the drugs from someone known as "V," whom he had known for a week or two prior to that day. The defendant gave the officer two bags of marijuana and a bag of crack cocaine, retaining one small bag of crack cocaine he had purchased for himself. According to the officer, the defendant immediately smoked the crack cocaine he had purchased for himself from his own crack pipe. The officer could not recall whether the defendant asked the officer for a small portion of the crack cocaine that the officer had purchased. The defendant testified that he asked the officer for "a bump" of crack cocaine from the officer's bag, the officer gave the defendant a piece of crack cocaine from the officer's bag, and the defendant [*2]immediately smoked that piece of crack cocaine. The defendant was not arrested that day.
On October 29, 2013, the officer was on the same undercover assignment and encountered the defendant at the same location panhandling outside a store on North Main Street. The officer asked the defendant if the defendant could "get the same thing" as he had on the previous occasion. The defendant asked to use the officer's phone once again, and the two departed on their bicycles in the direction of Lake Street. At their destination, the defendant took $40 from the officer and left the officer's sight. After 5 to 10 minutes, the defendant returned with a smaller quantity of marijuana and crack cocaine than had been purchased on the previous occasion. When the officer asked the defendant about the smaller quantity of drugs, the defendant responded to the effect that the crack cocaine the officer was buying this time was "fire," meaning that it was of a better quality than that which he had purchased on October 23. The defendant testified that he obtained the drugs from someone known as "C.W.," whom he had met on the streets about three months earlier. The defendant testified that he asked the officer for some of the crack cocaine the officer had purchased, the officer gave the defendant some of the crack cocaine, and the defendant immediately smoked that portion of the crack cocaine in the officer's presence. The defendant was not arrested until approximately seven months later, in May 2014.
Upon a jury verdict, the defendant was convicted, under count three of the indictment, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39[1]), stemming from the October 29, 2013, transaction. As to that same transaction, the jury found the defendant not guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16[1]), charged under count four of the indictment, but guilty of the lesser included offense of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Regarding the October 23, 2013, transaction, the defendant was found not guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (possession with intent to sell), but guilty of the lesser included offense of criminal possession of a controlled substance in the seventh degree.
On appeal, the defendant contends that his conviction of criminal sale of a controlled substance in the third degree, stemming from the October 29, 2013, transaction, was against the weight of the evidence because the People failed to disprove, beyond a reasonable doubt, the defendant's asserted agency defense.
"It has long been held in this State that one who acts solely as the agent of a buyer cannot be convicted of the crime of selling narcotics" (People v Bethea, 73 AD2d 920, 921; see People v Lam Lek Chong, 45 NY2d 64, 73). "To be an agent of his [or her] buyer, a narcotics merchant must be a mere extension of the buyer. He [or she] may act to procure what the buyer wants because the buyer has asked him [or her] to do so, but not out of any independent desire or inclination to promote the transaction" (People v Argibay, 45 NY2d 45, 53-54). Once raised by the defendant, agency is a defense which must be disproved by the People beyond a reasonable doubt (see People v Matos, 123 AD2d 330, 331).
"[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348). Based on the trial testimony of the officer and the defendant, a verdict of not guilty on the charge of criminal sale of a controlled substance in the third degree based on the defendant's agency defense would not have been unreasonable. Accordingly, this Court must take on the role of a trier of fact and weigh the probative force of the testimony and the conflicting inferences that may be drawn from the evidence in order to determine whether the jury's verdict of guilty was justified. In doing so, we are compelled to conclude that the People did not disprove agency beyond a reasonable doubt.
The following factors are considered in evaluating the strength of an agency defense: [*3]"(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesman like behavior; (5) did the defendant use his [or her] own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did the defendant stand to profit; and (9) was any reward promised in advance" (People v Gonzales, 66 AD2d 828, 828).
Here, according to the People's own evidence, the defendant procured drugs at the request of the officer and with the officer's funds. On October 29, 2013, the two were known to each other from a prior interaction of the same nature. The defendant was not promised a reward in advance and was not engaged in any acts that would suggest he was selling drugs to anyone else prior to the officer's approach. To the contrary, the defendant testified that he was panhandling at the time. There was no evidence that the defendant received any consideration other than a small portion of the crack cocaine from the bag he bought for the officer (see People v Lam Lek Chong, 45 NY2d at 75). The People did not establish any relationship between the defendant and his supplier (who was different from his supplier for the October 23, 2013, transaction) other than the fact that the defendant, a daily user of crack cocaine, had previously bought drugs from this person. The People did not present evidence that the defendant retained any of the premarked buy money that the officer used to make the purchase, or that the defendant retained any quantity of drugs on his person after the transaction. Any inferences that could be drawn as to the quality and quantity of crack cocaine provided to the officer relative to its street value would be based on mere speculation. Finally, the People's contention that the defendant engaged in salesman-like behavior by "touting" the quality of the drugs after they had been purchased failed to establish, beyond a reasonable doubt, that he was not acting solely as an agent of the buyer (see People v Matos, 123 AD2d 330; People v Bethea 73 AD2d 920).
Weighing all of the credible evidence presented with respect to the defendant's agency defense, we conclude that the jury was not justified in finding the defendant guilty beyond a reasonable doubt of criminal sale of a controlled substance in the third degree (see People v Danielson, 9 NY3d at 348). Accordingly, we vacate that conviction and dismiss count three of the indictment.
The defendant further argues that the jury's finding of guilt on the counts charging him with committing criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree on October 29, 2013, is irreconcilable with its acquittal of the defendant on the count charging him with committing criminal possession of a controlled substance in the third degree (possession with intent to sell) on the same date. To the extent that the defendant contends that the repugnancy of the jury's verdict requires vacatur of the conviction of criminal sale of a controlled substance in the third degree, that contention has been rendered academic by our determination that the verdict on that count was contrary to the weight of the evidence, requiring dismissal of that count. To the extent that the defendant contends that the repugnancy of the jury's verdict requires vacatur of the conviction of criminal possession of a controlled substance in the seventh degree, charged as a lesser included offense under count four of the indictment, we agree.
A verdict is repugnant only if, when viewed in light of the elements of each crime as charged to the jury, "it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other" (People v Muhammad, 17 NY3d 532, 539-540; see People v DeLee, 24 NY3d 603, 608; People v Tucker, 55 NY2d 1, 6). The purpose of the rule is to ensure that an individual is not convicted of a crime of which a jury has necessarily decided that one of the essential elements was not proven beyond a reasonable doubt (see People v DeLee, 24 NY3d at 608; People v Muhammad, 17 NY3d at 532; People v Tucker, 55 NY2d at 6).
Here, considering the jury charge, the defendant's acquittal of criminal possession of a controlled substance in the third degree relating to the October 29, 2013, transaction required the jury to conclude either that the defendant did not knowingly and unlawfully possess the drugs [*4]or that the defendant did not intend to sell the drugs he possessed or was acting as an agent of the buyer. However, the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree required the jury to find, inconsistent with its findings with respect to the count of criminal possession of a controlled substance in the third degree, that the defendant knowingly and unlawfully sold drugs and knowingly and unlawfully possessed drugs (cf. People v White, 172 AD2d 790; People v Gonzalez, 156 AD2d 711, 712), and that he was not an agent of the buyer. Under these circumstances, the verdict finding the defendant guilty of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, but not guilty of criminal possession of a controlled substance in the third degree, is "inherently self-contradictory" (People v DeLee, 24 NY3d at 608). While the conviction of third-degree sale and acquittal of third-degree possession could, under other circumstances, be reconciled on the basis that the jury could hypothetically determine that the defendant intended to sell drugs by offering them for sale while not actually possessing the drugs (see Penal Law § 220.00[1]; People v White, 172 AD2d 790; People v Gonzalez, 156 AD2d at 712), in this case, the jury found, by virtue of the seventh-degree possession conviction, that the defendant possessed the drugs. Concomitantly, while a conviction of seventh-degree possession could, under other circumstances, be reconciled with an acquittal of third-degree possession on the basis that the jury could find that the defendant possessed the drugs but did not intend to sell them, that possibility is foreclosed in this case by the jury's finding of guilt on the third-degree sale count.
The People's contention that intent to sell was not an element of criminal sale of a controlled substance in the third degree, thus allowing for reconciliation of the verdict, is unavailing. Where, as here, a defendant raises an agency defense to a drug sale charge—"essentially disputing that his transfer of drugs to the buyer was with the intent to sell"—an essential element of intent to sell is implied by virtue of the People's obligation to disprove agency beyond a reasonable doubt (People v Valentin, 29 NY3d 150, 156).
Accordingly, since the verdict as to the October 29, 2013, transaction, as a whole, is irreconcilable, we vacate the conviction of criminal possession of a controlled substance in the seventh degree relating to the October 29, 2013, transaction and dismiss the corresponding count of the indictment (count four), with leave to the People to submit a charge of criminal possession of a controlled substance in the seventh degree to another grand jury (see People v DeLee, 24 NY3d at 610).
In light of our determination, we need not reach the defendant's remaining contention.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court