People v Jean (2019 NY Slip Op 07697)





People v Jean


2019 NY Slip Op 07697


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10189 2888/12

[*1] The People of the State of New York, Respondent,
v
Alex Jean, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered August 20, 2014, convicting defendant, after a jury trial, of burglary in the second degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.
The trial court providently exercised its discretion in precluding cross-examination of the victim and building security personnel regarding the victim's reports of unrelated prior thefts from his apartment, and in denying defendant's request to subpoena any such prior reports. There was no violation of defendant's right to cross-examine witnesses and present a defense (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]). While "a complainant's prior false allegations . . . may be permitted if the prior allegations suggest a pattern casting substantial doubt on the validity of the charges (People v Diaz, 20 NY3d 569, 576 [2013] [internal quotation marks omitted]), here the prior reports did not bear a significant probative relation to the instant charges and there was nothing but speculation upon which to even suspect that the reports were false (see People v Mandel, 48 NY2d 952, 953 [1979], cert denied 446 US 949 [1980]; People v Petty, 17 AD3d 220 [1st Dept 2005], lv denied 5 NY3d 793 [2005]). Furthermore, defendant received an ample opportunity to cross-examine the victim about whether defendant acquired the victim's money and property as payment for sex rather than by theft. In any event, any error was harmless. The evidence overwhelmingly established defendant's guilt and refuted his implausible defense (see People v Hall, 18 NY3d 122, 132 [2011]).
The court properly denied defendant's mistrial motion, made where the prosecutor referred in his opening statement to a witness who was expected to testify but ultimately became unavailable. The prosecutor did not act in bad faith, and the curative instructions given by the court, at defense counsel's request, were sufficient to prevent any prejudice (see People v De Tore, 34 NY2d 199, 207 [1974], cert denied 419 US 1025 [1974]; People v Miles, 157 AD3d 641 [1st Dept 2018], lv denied 31 NY3d 1015 [2018]). Defendant's related claim that hearsay involving the uncalled witness was improperly admitted is unavailing. In any event, any error regarding the uncalled witness and related matters was harmless, for the reasons discussed above.
The court properly denied defendant's suppression motion. The record supports the hearing court's finding that there was probable cause to arrest defendant. A detective was able to recognize defendant both from the victim's description and from having observed him in a surveillance videotape. At the time of his arrest he was carrying the same distinctive duffel bag that he had stolen from the victim's apartment, as shown on the videotape. The detective was also aware that someone had brought the victim's stolen computer to a store for servicing and would be returning to the store to pick it up, providing further
probable cause for the arrest when defendant appeared outside the store.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK