■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MAUCIERI, Appellant.—Appeals by the defendant from (1) a judgment of the County Court, Nassau County (Thorp, J.), rendered June 11, 1985, convicting him of criminal sale of a controlled substance in the second degree, conspiracy in the second degree, and criminal possession of a controlled substance in the third degree under indictment No. 60125, upon a jury verdict, and imposing sentence; and (2) three judgments of the same court, all rendered June 11, 1985, convicting him of bribery in the second degree under indictment No. 58533, conspiracy in the second degree under indictment No. 60482, and conspiracy in the fourth degree under indictment No. 60615, upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denial, without a hearing, of the defendant's motion to suppress certain tape-recorded conversations obtained pursuant to an eavesdropping warrant.

Ordered that the judgments are affirmed.

On September 7, 1984, an eavesdropping warrant was issued authorizing a wiretap on the defendant's home telephone. The affidavit supporting the warrant application had been signed by Police Officer Joseph Sanguedolce. In the affidavit, Sanguedolce stated, among other things, that he had been informed by Special Agent John Keenan of the FBI that a confidential informant, whom Keenan declined to identify but who had given reliable information in the past, had stated that the defendant was "doing" heroin and cocaine, that he used the telephone extensively to discuss drug transactions and that the informant had overheard some of these communications while at the defendant's home.

In the defendant's motion to suppress the evidence obtained through use of the wiretap, he did not challenge the veracity of Sanguedolce but did challenge the truthfulness of the information given him, alleging that the informant either did not exist or could not possibly have overheard discussions of illegal drug transactions. The motion was supported by affidavits from the defendant and his wife which stated, in substance, that the defendant never used his telephone to conduct any illegal business and therefore no one could possibly have overheard conversations relating to such activity. The court denied the defendant's motion, without a hearing, holding, consistent with several rulings of the Court of Appeals, that the defendant was not entitled to a hearing because his challenge was not directed toward the veracity of the affiant *(see, People v Slaughter,* 37 NY2d 596; *People v Solimine,* 18 NY2d 477).

The defendant now contends that he is entitled to a hearing where, as here, the source of the affiant's information is another governmental agent and the challenge is directed toward the veracity of the officer who supplied the information to the affiant *(see, United States v Pritchard,* 745 F2d 1112; *United States v Dorfman,* 542 F Supp 345, *affd* 690 F2d 1217; *cf. People v Ward,* 95 AD2d 233).

Even if we were inclined to adopt the rule urged by the defendant, we would still conclude that the court's determination denying the motion without a hearing was correct. As the Supreme Court stated in *Franks v Delaware* (438 US 154, 171), the defendant's attack must consist of more than conclusory allegations. Instead: "There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained" (p 171).

The affidavits submitted by the defendant did not meet this standard but merely denied, in conclusory fashion, the allegations in Sanguedolce's affidavit. They were, therefore, insufficient to require a hearing *(see, United States v Reed,* 726 F2d 339; *People v Coleman,* 91 Ill App 3d 646, 415 NE2d 553).

We have concluded that the assistance of counsel received by the defendant constituted "meaningful representation" and reversal on that basis is not required *(see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137).

The defendant's remaining arguments are either unpreserved or without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.