■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE ZANNONE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Ritter, J., at hearing and trial; Lange, J., at sentencing), rendered January 30, 1985, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the jury correctly determined that Westchester County was the proper venue for the bringing of charges against the defendant since the evidence revealed that the defendant had constructive possession of the weapon during the entire automobile trip from Bronx County to White Plains in Westchester County *(see, People v Moore,* 46 NY2d 1; *People v Hetenyi,* 304 NY 80; *People v Goldswer,* 39 NY2d 656).

Moreover, the evidence proved beyond a reasonable doubt that the defendant was in possession of the weapon, by his exercise of dominion and control over it, during the entire automobile trip *(cf., People v Roberson,* 41 NY2d 106; *People v Vastola,* 70 AD2d 918).

The defendant's contention that the conduct of the investigators was so egregious as to have denied him his due process rights is devoid of merit. We note that such a claim is properly one for a pretrial motion under CPL 210.40 (1) (e) *(People v Longwood,* 116 AD2d 590). Because no such motion was made, the issue has not been preserved for our review. In any event, the defendant has failed to support his contention. The evidence demonstrated that he, and not the investigators, had initiated the events leading up to the crime, and that the investigators had not acted unlawfully *(see, People v Isaacson,* 44 NY2d 511).

Finally, we have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Brown and Rubin, JJ., concur.