■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RATHBUN, Appellant.—Appeal by the defendant from six judgments of the Supreme Court, Kings County (Shea, J.), all rendered June 29, 1987, convicting him of official misconduct (11 counts), conspiracy in the fourth degree (6 counts), burglary in the third degree (3 counts), grand larceny in the second degree (2 counts), grand larceny in the third degree (2 counts), criminal possession of marihuana in the second degree (2 counts), criminal possession of marihuana in the fifth degree, criminal possession of marihuana in the fourth degree, criminal sale of marihuana in the first degree, criminal sale of marihuana in the fourth degree, attempted criminal sale of marihuana in the third degree, attempted criminal sale of marihuana in the first degree, attempted petit larceny, trespass, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the third degree, and attempted criminal sale of a controlled substance in the third degree, under indictments Nos. 211/86, 213/86, 217/86, 221/86, 227/86 and 233/86, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

Police Officer Henry Winter was transferred to the 77th Precinct in 1980. He thereafter became involved with other officers in a scheme of regularly stealing drugs and money from local drug dealers. These officers also received protection money from drug dealers and committed other illegal acts while they were on duty.

After Winter was apprehended by the New York City Police Department's Internal Affairs Division for taking payoffs from

these drug dealers, he agreed to cooperate with the authorities in gathering information about other corrupt police officers at the 77th Precinct. He was then assigned to the Anti-Crime Unit of the 77th Precinct where he ultimately became the partner of the defendant, Robert Rathbun.

Winter and the defendant thereafter agreed to "hit" locations which they believed to be drug sources. A "hit" was defined by Winter as, going into a location, searching for money, drugs and other contraband, and taking what was found for the officers own benefit. The officers agreed to split the cash and subsequently divide the proceeds from the sales of the drugs and other contraband. During the roughly three-month period that they were together, Winter and the defendant made six different "hits". For these acts, the defendant was subsequently indicted on November 5, 1986, and, after a jury trial, he was convicted of all 37 counts charged.

The defendant claims that the conduct of law enforcement agents in this case rose to such a level of impropriety as to deprive him of due process (see, People v Isaacson 44 NY2d 511, rearg denied 45 NY2d 776). Pursuant to People v Isaacson (supra) we must examine (1) whether the police manufactured a crime which otherwise would not likely have occurred —here, the record reveals that the defendant was involved in corruption long before he was partnered with Officer Winter, and Winter merely became involved in the defendant's ongoing criminal activity, (2) whether the police themselves engaged in criminal conduct—here, although Winter participated in the "hits", when viewed in the context of the objectives in this case, namely, the rooting out of corruption that was pervading an entire precinct, this conduct was not "repugnant to a sense of justice", (3) whether the defendant's reluctance to commit the crime was overcome by humanitarian appeals—here the defendant showed absolutely no reluctance to commit the crimes for which he was convicted, and (4) whether the record reveals a desire to simply obtain a conviction—the record is devoid of such evidence. In view of the above, it is clear that the conduct of law enforcement officials and their agent, Officer Winter, was legal and did not violate the defendant's due process rights.

The defendant further claims that the proof at trial was insufficient to support his conviction on 5 of the 6 counts of conspiracy in the fourth degree. This claim, however, is without merit. A person is guilty of conspiracy in the fourth degree when he intends and agrees to commit conduct constituting a class B or class C felony. In this case the defendant

was found guilty of conspiracy to commit the class B felony of criminal possession of a controlled substance in the third degree, and the evidence fully supports these convictions. Winter testified that he and the defendant agreed to six different "hits" and these illicit agreements constituted the bases of the conspiracies charged. He also testified that he and the defendant specifically intended in these agreements to "hit" these locations for "drugs". As the trial court recognized, "drugs is a broad enough term to include cocaine" a narcotic drug as defined by Penal Law § 220.00 and utilized in the definition of criminal possession of a controlled substance in the third degree (Penal Law § 220.16). Moreover although the defendant seems to be arguing that the substantive crime intended to be committed must have been charged separately in the indictments, this claim is groundless. Even if none of the drugs listed in Penal Law § 220.16 (criminal possession of a controlled substance in the third degree) had ever been taken by the defendant, there was ample evidence to prove that he, nevertheless, conspired to possess those drugs.

The defendant's claim that the evidence was insufficient to support his convictions for burglary in the third degree is also without merit (see, People v Czerminski, 94 AD2d 957).

We have examined the defendants remaining contentions, including the claim that his sentence was excessive, and find them to be without merit. Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.