■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK WIDDI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered August 21, 1987, convicting him of bribery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of bribery in the second degree beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The People presented evidence of the taped conversation which together with the investigator's testimony could reasonably be interpreted as evidence that the defendant bribed the investigator. In addition, the $50 bill retrieved from the investigator was also offered in evidence.

The defendant also contends that the verdict was against the weight of the evidence in light of his testimony and the alleged doubtful credibility of the People's primary witness. The mere fact that the defendant testified to a version of the facts which would establish his innocence did not preclude the jury from returning a guilty verdict based upon the competing facts and inferences of the People's case (People v Lucas, 105 AD2d 545, 548, cert denied 474 US 911). Issues of credibility, as well as the weight to be accorded to evidence presented, are primarily jury questions and and its verdict should be left undisturbed unless it may be found that the jury clearly

"failed to give the evidence the weight it should be accorded" *(People v Bleakley,* 69 NY2d 490, 495). Upon the exercise of our factual review power, based upon the testimony of the investigator and the tape in evidence, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Spatt, Sullivan and Harwood, JJ., concur.