■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRYSTAL SPIVEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Shea, J.), rendered February 29, 1988, convicting her of receiving a reward for official misconduct in the second degree and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was indicted on charges stemming from a joint investigation conducted by the Special State Prosecutor's office and the Internal Affairs Division of the New York City Police Department (hereinafter IAD) into allegations of police corruption involving officers of the 77th Precinct. The investigation relied heavily upon the testimony of Police Officer Henry Winter, who was apprehended by IAD for accepting payoffs from drug dealers, and who agreed to cooperate with the investigation and collect information regarding other corrupt officers within the 77th Precinct.

On appeal, the defendant asserts that the jury's rejection of her entrapment defense was against the weight of the evidence (Penal Law § 40.05). It is well settled that the question of "[w]hether a defendant is predisposed to commit an offense or was induced to commit the offense is a question of fact" (People v McGee, 49 NY2d 48, 61, cert denied sub nom. Waters

*v New York,* 446 US 942; *see, People v Alwadish,* 67 NY2d 973, 974). However, the defendant further contends that the conduct of Officer Winter in overcoming her reluctance to commit the crimes was so egregious as to deprive her of due process *(see, People v Isaacson,* 44 NY2d 511, *rearg denied* 45 NY2d 776; *People v Rathbun,* 141 AD2d 570, *lv denied* 72 NY2d 1049; *People v Brown,* 136 AD2d 1). The record establishes that the defendant's due process rights were not offended by the conduct of the law enforcement officials *(see, People v Isaacson,* 44 NY2d 511, *supra).*

Upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (CPL 470.15 [5]) inasmuch as the evidence established that the defendant was predisposed to commit the crimes *(see, People v McGee,* 49 NY2d 48, *supra).*

We have reviewed the defendant's remaining contentions, including her claim that the sentence imposed was excessive, and find them to be without merit. Mangano, J. P., Thompson, Sullivan and Balletta, JJ., concur.