■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN KUBASEK, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cowhey, J.), rendered May 23, 1989, convicting him of bribe receiving in the third degree, falsifying business records in the first degree, and receiving reward for official misconduct in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the conduct of the investigators was so egregious as to have denied him due process of law is devoid of merit. We note that such a claim is properly raised by a pretrial motion under CPL 210.40 (1) (e) *(see, People v Longwood,* 116 AD2d 590; *People v Zannone,* 130 AD2d 699). Because no such motion was made, the issue has not been preserved for appellate review. In any event, the defendant has failed to establish his contention. The evidence demonstrated that the defendant, and not the investigator, had initiated the bribery discussions leading up to the crime, and that the investigators had not acted unlawfully *(cf., People v Isaacson,* 44 NY2d 511).

The defendant's further assertion that his defense of entrapment was made out as a matter of law is also without merit *(see,* Penal Law § 40.05). It is well settled that the question of "[w]hether a defendant is predisposed to commit an offense or was induced to commit the offense is a question of fact" *(People v McGee,* 49 NY2d 48, 61, *cert denied sub nom. Waters v New York,* 446 US 942; *see, People v Alwadish,* 67 NY2d 973), and the trial court did not err in finding that the defendant had failed to establish his defense of entrapment.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not

against the weight of the evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.