■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM OCASIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered July 3, 1990, convicting him of burglary in the second degree, petit larceny, criminal mischief in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's summation deprived him of a fair trial. Specifically, he argues that the prosecutor impermissibly vouched for the credibility of the complainant. However, in light of the defense counsel's attack on the complainant's credibility, the alleged improper statements made by the prosecutor in response were fair comment (see, People v Stephens, 156 AD2d 604; People v Estrella, 156 AD2d 710; People v Roberts, 156 AD2d 731). The defendant's claim that certain of the prosecutor's remarks were improper because they referred to matters not in evidence is unpreserved for appellate review due to the defendant's failure to make timely objection (see, People v Tardbania, 72 NY2d 852, 853) or to move for a mistrial on this specific ground (see, People v Dien, 77 NY2d 885; People v Medina, 53 NY2d 951, 953). In any event, any error caused by the challenged remarks was harmless in view of the overwhelming proof of the defendant's guilt (see, People v Galloway, 54 NY2d 396; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). The remaining

allegedly objectionable remarks by the prosecutor constituted fair comment on the evidence *(see, People v Aguilera,* 156 AD2d 698, 700). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.