■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RATHBUN, Appellant. [595 NYS2d 522] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Shea, J.), dated July 3, 1990, which, after a hearing, denied his motion pursuant to CPL article 440 to vacate six judgments of conviction of the same court, all rendered June 29, 1987, convicting him of official misconduct (11 counts), conspiracy in the fourth degree (six counts), burglary in the third degree (three counts), grand larceny in the third degree (two counts), criminal possession of marihuana in the fifth degree, criminal possession of marihuana in the fourth degree, criminal sale of marihuana in the first degree, criminal sale of marihuana in the fourth degree, attempted criminal sale of marihuana in the third degree, attempted criminal sale of marihuana in the first degree, attempted petit larceny, trespass, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the third degree, and attempted criminal sale of a controlled substance in the third degree, under Indictment Nos. 211/86, 213/86, 217/86, 221/86, 227/86, and 233/86, upon jury verdicts, and imposing sentences.

Ordered that the order is affirmed.

The facts underlying this case are set forth at length in our decision and order affirming the defendant's judgments of conviction (see, People v Rathbun, 141 AD2d 570, lv denied 72 NY2d 1049). On that appeal, the defendant's challenge to the quantity and quality of the evidence against him was rejected.

The defendant now seeks to vacate his judgments of conviction, inter alia, on the ground that certain information was improperly withheld from the defense in violation of People v Rosario (9 NY2d 286, cert denied 386 US 866). Specifically, the defendant relies upon an affidavit of one Henry Winter, the prosecution's key witness, who attested nearly three years after the trial that he had once provided the Office of the Special Prosecutor with a "wish list" containing the benefits which he hoped to obtain in exchange for his testimony.

Based upon our review of the record, we find that the Supreme Court correctly determined that there was no factual basis for the assertion that the prosecution improperly denied the existence of Winter's statements (see, People v Poole, 48 NY2d 144, 149; People v Rodriguez, 181 AD2d 841, 842; People v Minnerly, 162 AD2d 627, 628). Moreover, assuming, arguendo, that there was a Rosario violation, where, as here, a defendant's CPL 440.10 motion is made after exhausting his direct appeal, the trial court must first find prejudice to the defendant as a result of the Rosario violation before it may vacate a judgment of conviction (see, People v Jackson, 78 NY2d 638). No such prejudice was demonstrated herein. Thus, even if there was a Rosario violation, it was harmless in light of the other evidence presented at the trial (see, People v Hughes, 181 AD2d 912).

The defendant also contends that he was deprived of a fair trial because the People failed to correct certain statements made by the prosecution's key witness regarding the specific terms of his grant of immunity from the District Attorney's Office of the Special Prosecutor. A defendant must be made aware of the existence of such agreements between the prosecution and a witness in order to comply with the principles of Brady v Maryland (373 US 83) (see, People v Novoa, 70 NY2d 490, 496; People v Cwikla, 46 NY2d 434, 441). Since the defendant was made aware of those agreements before trial, and was afforded a meaningful opportunity to utilize that information during the trial, vacatur of his judgments of conviction is not warranted (see, People v Cortijo, 70 NY2d 868, 870; People v Brown, 67 NY2d 555, cert denied 479 US

1093). Bracken, J. P., Balletta, Eiber and Santucci, JJ., concur.