■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CASTRO, Appellant. [750 NYS2d 510] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered December 6, 2000, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that the jury's rejection of his entrapment defense was against the weight of the evidence. The question of "[w]hether a defendant is predisposed to commit an offense or was induced to commit the offense is a question of fact" for the jury (*People v McGee,* 49 NY2d 48, 61). Here, the jury could have reasonably relied on the police testimony which established that the defendant was predisposed to commit the crime (*see People v McGee, supra*). Contrary to the defendant's contentions, the "mere fact that the defendant testified to a version of the facts which would establish his innocence did not preclude the jury from returning a guilty verdict based upon the competing facts and inferences of the People's case" (*People v Widdi,* 148 AD2d 648; *see also People v Giannetti,* 111 AD2d 931). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.