■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOLA ADEOLA, Appellant. [786 NYS2d 187]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 10, 2002, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and conspiracy in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 25 years to life on the conviction of criminal sale of a controlled substance in the first degree, 8¹/₃ years to life on the conviction of criminal sale of a controlled substance in the second degree, and 8¹/₃ years to life on the conviction of conspiracy in the second degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all sentences run concurrently with each other; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and conspiracy in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The People demonstrated that the wiretap investigation was carried out with the appropriate procedures in place to minimize interception of nonpertinent communications (*see* CPL 700.30 [7]; *People v Floyd,* 41 NY2d 245, 250 [1976]). The defendant failed to rebut this showing, and thus, the court correctly denied that branch of his motion which was to suppress the audiotapes produced from the investigation (*see People v Floyd, supra*). Moreover, the court properly determined that certain audiotapes were sufficiently audible to warrant their admission into evidence (*see People v Wilson,* 207 AD2d 463, 464 [1994]; *People v Robinson,* 158 AD2d 628 [1990]; *cf. People v Mincey,* 64 AD2d 615 [1978]).

The sentences imposed were excessive to the extent indicated.

The defendant's remaining contentions are without merit. Florio, J.P., Smith, Rivera and Fisher, JJ., concur.