■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BABATUNDE SHODUNKE, Appellant. [783 NYS2d 822]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered June 10, 2002, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was no reasonable view of the evidence to support the theory that he was acting solely on behalf of the buyer in the drug transactions at issue here. Accordingly, the trial court properly denied the defendant's request for an agency charge (*see People v Herring,* 83 NY2d 780, 782-783 [1994]; *People v Johnson,* 249 AD2d 417, 418 [1998]). In addition, the trial court providently exercised its discretion in denying the defendant's application for a severance, and the defendant failed to show that he was substantially prejudiced due to the joint trial with his codefendant (*see People v Adeola,* 12 AD3d 452 [2004] [decided herewith]; *People v Mahboubian,* 74 NY2d 174, 182-187 [1989]; *People v Chaplin,* 181 AD2d 828 [1992]; *People v Martin,* 154 AD2d 554 [1989]).

Moreover, the defendant's contentions with respect to alleged prosecutorial misconduct during cross-examination and summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tevaha,* 84 NY2d 879 [1994]). In any event, these contentions are without merit. The prosecutor's remarks during summation constituted fair comment and a fair response to the defense counsel's summation (*see People v Russo,* 201 AD2d 512 [1994], *affd* 85 NY2d 872 [1995]; *People v Ocasio,* 180 AD2d 765 [1992]; *cf. People v Ashwal,* 39 NY2d 105, 109-110 [1976]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Florio, J.P., Smith, Rivera and Fisher, JJ., concur.