■ The People of the State of New York, Respondent, v Paul Wicht, Appellant. [851 NYS2d 266]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered October 16, 2006, convicting him of attempted disseminating indecent material to minors in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's challenge to the constitutionality of Penal Law § 235.22, as originally enacted in 1996, is unpreserved for appellate review (see People v Baumann & Sons Buses, Inc., 6 NY3d 404, 408 [2006]; People v Davidson, 98 NY2d 738 [2002]). In any event, the defendant's argument is without merit, as the Court of Appeals has recently held that Penal Law § 235.22, as originally enacted, was not unconstitutionally vague (see People v Kozlow, 8 NY3d 554, 561 [2007]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (see People v Romero, 7 NY3d 633, 644-645 [2006]; People v Mateo, 2 NY3d 383, 410 [2004], cert denied, 542 US 946 [2004]). Upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The issue of whether the affirmative defense of entrapment was established was an issue of fact for the jury (see People v McGee, 49 NY2d 48 [1979], cert denied 446 US 942 [1980]). Sufficient evidence was adduced at trial from which the jury could properly conclude that the defendant was not actively induced and was predisposed to commit the offenses charged (see People v Castro, 299 AD2d 557 [2002]; People v Lopez, 242 AD2d 641 [1997]).

The prosecutorial misconduct claim regarding the alleged failure to admit one of the defendant's e-mail communications into

evidence is unpreserved for appellate review as it was not raised before the trial court (*see* CPL 470.05 [2]). In any event, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Faustin,* 35 AD3d 499 [2006]). Ritter, J.P., Miller, Dillon and Angiolillo, JJ., concur.