■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS ZIMMERMAN, Appellant. [851 NYS2d 265]—

Appeal by the defendant from a judgment of the County Court, Westchester County (DiBella, J.), rendered June 7, 2005,

convicting him of bribery in the third degree, attempted escape in the first degree (three counts), promoting prison contraband in the first degree (five counts), and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's motion to sever his trial from that of his co-defendant was untimely, as it was made after the commencement of trial (see *People v Bornholdt*, 33 NY2d 75, 87-88 [1973], *cert denied* 416 US 905 [1974]; *People v Delacruz*, 289 AD2d 254, 255 [2001]). In any event, while the granting of a mid-trial motion for severance is within the discretion of the trial court, where proof against multiple defendants "is supplied by the same evidence, only the most cogent reasons warrant a severance" (*People v Bornholdt*, 33 NY2d 75, 87 [1973], *cert denied* 416 US 905 [1974]; see *People v Mahboubian*, 74 NY2d 174, 184 [1989]; *People v Islam*, 22 AD3d 599, 600 [2005]; *People v Shodunke*, 12 AD3d 466 [2004]). Under the circumstances presented here, the County Court providently exercised its discretion in denying the defendant's motion for a severance (see *People v Watkins*, 10 AD3d 665, 666 [2004]).

The defendant's contentions raised in his supplemental pro se brief that the testimony of Investigator Darin Daughtry constituted improper bolstering and that the court erred in charging accessorial liability are unpreserved for appellate review. In any event, these contentions, as well as the remaining contentions raised in the defendant's supplemental pro se brief, are without merit. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.