■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOLA ADEOLA, Appellant. [857 NYS2d 704]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Kron, J.), dated September 14, 2005, which, after a hearing, denied his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738, § 23) on his conviction of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, which sentence was originally imposed, upon a jury verdict, on June 10, 2002.

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for the assignment of new counsel and a new determination on the motion thereafter, in accordance herewith.

The defendant was convicted of, inter alia, criminal sale of a controlled substance in the first degree, a class A-I drug felony, and criminal sale of a controlled substance in the second degree, a class A-II drug felony. On June 10, 2002, the defendant was sentenced to, among other things, an indeterminate term of imprisonment of 25 years to life on his conviction of criminal sale of a controlled substance in the first degree and from $8^1/_3$ years to life on his conviction of criminal sale of a controlled substance in the second degree, to be served consecutively. On his direct appeal, the defendant's sentence was reduced to concurrent terms (*see People v Adeola*, 12 AD3d 452 [2004]). Following the enactment of the Drug Law Reform Act of 2004 (L 2004, ch 738) (hereinafter the 2004 DLRA), the defendant moved for resentencing. The defendant and a codefendant were simultaneously represented by the same attorney at the hearing on the motion for resentencing. During the hearing, in the course of this dual representation, the defendant's attorney argued that his other client, a codefendant, was less culpable than the defendant and therefore, deserving of resentencing. This argument necessarily implied that the defendant was less deserving of resentencing than the codefendant. Following the hearing, the Supreme Court denied the defendant's motion for resentencing.

On appeal, the defendant contends that he was deprived of the effective assistance of counsel by the dual representation due to a conflict of interest. In order to prevail on a claim of conflict of interest a defendant must establish: (1) a potential conflict, and (2) that the conduct of his defense was in fact "affected" by the conflict of interest, or that the conflict "operated on" counsel's representation (*People v Abar*, 99 NY2d 406, 409 [2003]; *see People v Smart*, 96 NY2d 793 [2001]; *People v Longtin*, 92 NY2d 640, 644 [1998], *cert denied* 526 US 1114

[1999]). There was no inquiry by the Supreme Court as to whether the defendant was aware of the potential risks involved in dual representation (*see People v Gomberg*, 38 NY2d 307 [1975]). Under the circumstances of this case, the defendant established that he was denied the effective assistance of counsel because of a conflict of interest (*cf. People v Ortiz*, 76 NY2d 652 [1990]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for the assignment of new counsel and a new determination on the defendant's motion thereafter.

The defendant's remaining contention is without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.