■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KABEER DIN, Appellant. [879 NYS2d 577]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered May 16, 2007,

convicting him of conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to voir dire, the People made an application to amend the indictment to change the description of the person targeted in the alleged conspiracy from "girlfriend" to "intended victim." Under the circumstances, the trial court providently exercised its discretion in granting that application (*see* CPL 200.70; *People v George*, 217 AD2d 987, 988 [1995]; *People v Ames*, 115 AD2d 543, 544 [1985]; *People v Cruz*, 285 App Div 1076 [1955]).

During voir dire, the trial court providently exercised its discretion in declining to pose certain questions drafted by defense counsel to the prospective jurors (*see* CPL 270.15 [1] [b]; *People v Parks*, 257 AD2d 636, 637 [1999], *affd* 95 NY2d 811 [2000]). Furthermore, defense counsel was provided a fair opportunity to ask the prospective jurors relevant and material questions (*see* CPL 270.15 [1] [c]; *cf. People v Thompson*, 45 AD3d 876, 877 [2007]).

To the extent that the prosecutor misstated the law regarding conspiracy during voir dire, it did not constitute reversible error. Since the trial court repeatedly advised the prospective jurors, as well as the seated jurors, that it would instruct them on the law, the prosecutor's statements could not have been interpreted by the jury as an instruction on the law (*cf. People v Giuca*, 58 AD3d 750, 751 [2009]; *People v Delphin*, 26 AD3d 343 [2006]; *People v Rosenblitt*, 198 AD2d 382, 383 [1993]).

The issue of whether the affirmative defense of entrapment was established was an issue of fact for the jury (*see People v McGee*, 49 NY2d 48, 60-61 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]; *People v Wicht*, 48 AD3d 491 [2008]; *People v Castro*, 299 AD2d 557, 558 [2002]; *People v Lopez*, 242 AD2d 641 [1997]). Sufficient evidence was adduced at the trial from which the jury could properly conclude that the defendant was not actively induced and was predisposed to commit the offense charged (*see People v Wicht*, 48 AD3d at 491; *People v Castro*, 299 AD2d at 558; *People v Lopez*, 242 AD2d at 641).

The defendant's contention that the conduct of the investigators was so egregious as to have denied him due process of law is unpreserved for appellate review (*see* CPL 470.05 [2]; *cf.* CPL 210.40 [1] [e]) and, in any event, is without merit (*see People v Kubasek*, 167 AD2d 424 [1990]; *People v Spivey*, 151 AD2d 521, 522 [1989]; *cf. People v Isaacson*, 44 NY2d 511, 520-521 [1978]). Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.