■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANE GORDON, Appellant. [898 NYS2d 257]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McGann, J.), rendered June 12, 2008, convicting her of bribe receiving in the third degree, official misconduct (two counts), receiving bribes by members of the Legislature, receiving reward for official misconduct in the second degree (two counts), and asking, receiving, agreeing, or consenting to receive unlawful fees and payments (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a former member of the New York State Assembly, stands convicted of eight offenses, including bribe receiving in the third degree. The defendant's convictions stem from a series of meetings in which she was recorded promising to use her influence to assist a real estate developer in bidding for the right to purchase city-owned land in exchange for the developer's agreement, inter alia, to give her a house either for free or at a greatly reduced price.

The defendant challenges the legal sufficiency of the evidence supporting her convictions of official misconduct (two counts), receiving reward for official misconduct in the second degree (two counts), and asking, receiving, agreeing, or consenting to receive unlawful fees and payments (two counts). The defendant contends that her convictions of these offenses must be reversed because criminal liability for soliciting a benefit cannot be predicated upon an alleged violation of her public duty as defined by the Code of Ethics set forth in Public Officers Law § 74 (hereinafter the Code). We disagree. In *People v Garson* (6 NY3d 604 [2006]), the Court of Appeals held that a judge's acceptance of a benefit for the violation of his duty as a public servant, as defined by the Rules of Judicial Conduct, could support a conviction of receiving reward for official misconduct in the second degree in violation of Penal Law § 200.25. In concluding that the People could rely upon the Rules of Judicial Conduct to

prove the element of a judge's duty as a public servant, the Court of Appeals held that "[t]he Rules set forth a constitutionally mandated duty upon the judiciary and, when combined with the additional factor of receiving a reward, a violation of that duty may serve as a basis for prosecution under Penal Law § 200.25" (*People v Garson*, 6 NY3d at 606). Similarly, the Code prescribes the standards of conduct to which State employees, including members of the Legislature, must adhere. The mandatory rather than advisory nature of the Code is underscored by Public Officers Law § 74 (4), which provides that any individual "who shall knowingly and intentionally violate any of the provisions of this section" may be subjected to penalties, including removal from office. Consequently, the Code imposes a mandatory duty of conduct upon members of the Legislature, and proof of a violation of the standard of conduct imposed by the Code, coupled with evidence of receiving a reward for such violation, may serve as the basis for the imposition of criminal liability. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant violated her duty as a public officer as set forth in the Code in exchange for a benefit, and thus support her conviction of the offenses of official misconduct (two counts), receiving reward for official misconduct in the second degree (two counts), and asking, receiving, agreeing, or consenting to receive unlawful fees and payments (two counts) (*see People v Garson*, 69 AD3d 650 [2010]).

Moreover, upon the exercise of our independent factual review power pursuant to CPL 470.15 (5), we are satisfied the defendant's convictions were not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The issue of whether the affirmative defense of entrapment was established was an issue of fact for the jury (*see People v McGee*, 49 NY2d 48, 61 [1979]; *People v Wicht*, 48 AD3d 491 [2008]; *People v Castro*, 299 AD2d 557, 558 [2002]), and the evidence presented at trial, which included the defendant's recorded conversations with the developer, supported the jury's rejection of that affirmative defense (*see People v Kubasek*, 167 AD2d 424 [1990]; *People v Hochberg*, 62 AD2d 239, 248-249 [1978]).

We agree with the defendant's contention that the trial court erred in admitting evidence of her prior bad acts on the People's direct case in violation of the rule set forth in *People v Molineux* (168 NY 264 [1901]). However, the error was harmless beyond a reasonable doubt because there was overwhelming evidence of the defendant's guilt, and no significant probability that the er-

ror contributed to her conviction (*see People v Crimmins*, 36 NY2d 230, 247 [1975]).

The defendant further contends that the court should have instructed the jurors that if they found her not guilty of bribe receiving in the second degree by reason of entrapment, they should stop deliberations and acquit her of the remaining counts of the indictment. Since the defendant raised no objection to the court's charge, this claim is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the court's charge properly made the absence of entrapment a specific element of each of the submitted charges (*see* 1 Charges to the Jury and Requests to Charge in Criminal Case in New York § 5:12).

The defendant's remaining contention is without merit. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.