■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD PERRY, Appellant. [932 NYS2d 729]-

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The evidence adduced at trial supported a finding that the defendant was not actively induced and was predisposed to commit the offense charged (*see People v Gordon*, 72 AD3d 841, 842 [2010]; *People v Wicht*, 48 AD3d 491 [2008]; *People v Castro*, 299 AD2d 557 [2002]). Dillon, J.P., Balkin, Leventhal and Belen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAREF REDMON, Appellant. [932 NYS2d 727]-

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.