THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVIA ARAUJO, Appellant. [955 NYS2d 166]—

The Supreme Court properly denied, without a hearing, that branch of the defendant's omnibus motion which was to suppress evidence obtained pursuant to an eavesdropping warrant. The defendant's conclusory, unsupported assertion that the detective made materially false representations in his affidavit supporting the application for an eavesdropping warrant is insufficient to trigger the need for a hearing (*see Franks v Delaware*, 438 US 154, 171 [1978]; *People v Bavisotto*, 179 AD2d 1055 [1992]; *People v Maucieri*, 125 AD2d 600, 601 [1986]).

Contrary to the People's contention, the defendant's contention that the evidence was legally insufficient to support her conviction of attempted robbery in the third degree is preserved for appellate review (*see* CPL 470.05 [2]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), it was legally sufficient to establish the defendant's guilt of attempted robbery in the second degree (*see* Penal Law §§ 110.00, 160.10 [1]) and attempted robbery in the third degree (*see* Penal Law §§ 110.00, 160.05) beyond a reasonable doubt. Moreover, upon our independent

review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The defendant's contention that the conduct of the police was so egregious as to have deprived her of due process of law is unpreserved for appellate review (see CPL 470.05 [2]; cf. CPL 210.40 [1] [e]) and, in any event, is without merit (see People v Din, 62 AD3d 1023 [2009]; People v Kubasek, 167 AD2d 424 [1990]; People v Spivey, 151 AD2d 521 [1989]; cf. People v Isaacson, 44 NY2d 511 [1978]).

The defendant's contention that she was deprived of a fair trial when the Supreme Court admitted certain evidence relating to her involvement in pornography is without merit. Even if the challenged evidence concerned the type of illegal or immoral conduct that would be prejudicial to the defendant, under the circumstances of this case, the evidence was admissible to establish intent and to complete the narrative of events surrounding the charged crimes (see People v Molineux, 168 NY 264 [1901]; People v Jenneman, 37 AD3d 736 [2007]; People v Jones, 293 AD2d 489 [2002]; People v Mateen, 227 AD2d 350 [1996]). While we agree with the defendant's contention that it was error for the Supreme Court to admit her statement that she had previously "been around guns," that error was harmless beyond a reasonable doubt, since there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to her conviction (see People v Crimmins, 36 NY2d 230, 247 [1975]). The defendant's alternative contention that the Supreme Court should have issued a jury instruction regarding the admissibility of evidence of prior bad acts is unpreserved for appellate review because she did not request such an instruction at trial (see People v Webb, 1 AD3d 542 [2003]), and, in any event, that contention is without merit.

The sentence imposed was neither illegal nor excessive (see People v Suitte, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Austin and Roman, JJ., concur.