◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD FRASER, Appellant. [22 NYS3d 70]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Iliou, J.), rendered October 2, 2013, convicting him of criminal possession of a controlled substance in the third degree (three counts) and criminal sale of a controlled substance in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (see CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]). In any event, viewing the evidence in the light

most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The issue of whether the affirmative defense of entrapment was established was an issue of fact for the jury (*see People v McGee*, 49 NY2d 48, 61 [1979]; *People v Gordon*, 72 AD3d 841, 842 [2010]; *People v Wicht*, 48 AD3d 491 [2008]; *People v Castro*, 299 AD2d 557, 558 [2002]). Here, the evidence presented at trial, which included recorded conversations between the defendant and an undercover officer, supported the jury's rejection of the affirmative defense of entrapment (*see People v Jones*, 114 AD3d 1239, 1240 [2014]; *People v Gordon*, 72 AD3d at 842; *People v Kubasek*, 167 AD2d 424 [1990]).

The defendant's contention that the verdict was repugnant is unpreserved for appellate review (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Satloff*, 56 NY2d 745, 746 [1982]). In any event, this contention is without merit (*see People v DeLee*, 24 NY3d 603, 608 [2014]; *People v White*, 172 AD2d 790 [1991]; *People v Gonzalez*, 156 AD2d 711, 712 [1989]).

The County Court correctly denied the defendant's request to instruct the jury on the affirmative defense of duress (*see* Penal Law § 40.00). Viewing the evidence in the light most favorable to the defendant, no reasonable view of the evidence supported charging the jury with this affirmative defense (*see People v Butts*, 72 NY2d 746, 750 [1988]; *People v Watts*, 57 NY2d 299, 301 [1982]). Contrary to the defendant's contention, no reasonable view of the evidence supported a finding that he was subjected to "the use or threatened imminent use of unlawful physical force upon him" (Penal Law § 40.00 [1]; *see People v Morson*, 42 AD3d 505, 506 [2007]; *People v Hai Guang Zheng*, 268 AD2d 443, 444 [2000]; *People v Brown*, 68 AD2d 503, 512-513 [1979]). In addition, the court properly denied the defendant's request for an agency charge, as there was no reasonable view of the evidence to support the theory that he was acting solely on behalf of the buyer, an undercover officer, in the drug transactions at issue here (*see People v Herring*, 83 NY2d 780, 782-783 [1994]; *People v Shodunke*, 12 AD3d 466 [2004]; *People v Johnson*, 249 AD2d 417, 418 [1998]).

The County Court erred, however, in denying the defendant's request for a missing witness charge. In opposition to the defendant's prima facie showing that the uncalled witness could

have been expected to testify favorably to the People, that he was knowledgeable about a material issue in the case, and that he was in the People's control (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Savinon*, 100 NY2d 192, 200 [2003]; *People v Gonzalez*, 68 NY2d 424, 427-429 [1986]), the People failed to "account for the witness'[s] absence or otherwise demonstrate that the charge would not be appropriate" (*People v Gonzalez*, 68 NY2d at 428). Nevertheless, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Wofford*, 115 AD3d 1332, 1333 [2014]; *People v McCune*, 210 AD2d 978, 979 [1994]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention concerning an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review and, in any event, without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Dickerson, Miller and Maltese, JJ., concur.