People v Jackson (2019 NY Slip Op 03365)





People v Jackson


2019 NY Slip Op 03365


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2014-06453
 (Ind. No. 7407/11)

[*1]The People of the State of New York, respondent,
v
Andrew Jackson, appellant.


Paul Skip Laisure, New York, NY (Alexis A. Ascher and Melissa Lee of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Victor Barall, and Joyce Adolfsen of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered June 10, 2014, convicting him of kidnapping in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.
ORDERED that the judgment is affirmed.
The defendant was arrested and charged with, inter alia, murder in the second degree, kidnapping in the first degree, and robbery in the first degree. The charges stem from the abduction of the victim from a Brooklyn street by the defendant and accomplices. During the abduction, the victim suffered a heart attack, from which he ultimately died. The defendant and his accomplices left the victim lying on a sidewalk and fled on foot from the scene.
Contrary to the defendant's contention, the record of the pretrial Huntley hearing (see People v Huntley, 15 NY2d 72) shows that at the outset of a custodial interview by the police, the defendant made an intelligent, knowing, and voluntary waiver of his Miranda rights (see Miranda v Arizona, 384 US 436), and that his statements to the police were not the product of coercion (see People v Mateo, 2 NY3d 383, 413-414; People v Bethea, 159 AD3d 710; People v Booker, 49 AD3d 658, 658; People v Sepulveda, 40 AD3d 1014, 1014).
We agree with the Supreme Court's determination to deny the defendant's request to instruct the jury on the affirmative defense of duress. Viewing the evidence in the light most favorable to the defendant, no reasonable view of the evidence supported charging the jury with this affirmative defense (see People v Butts, 72 NY2d 746, 750; People v Watts, 57 NY2d 299, 301; People v Fraser, 134 AD3d 734, 735). Contrary to the defendant's contention, no reasonable view of the evidence supported a finding that he was subjected to "the use or threatened imminent use of unlawful physical force upon him" (Penal Law § 40.00[1]; see People v Fraser, 134 AD3d at 735). [*2]The defendant failed to present any evidence of an immediate threat from his accomplices (see People v Morrison, 133 AD3d 892, 893; People v Morson, 42 AD3d 505, 506).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 85-86).
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court